## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                                    Court File Nos.:

    Polaroid Corporation, et al.,                        08-46617 (GFK)

              Debtors.

(includes:
Polaroid Holding Company;                             08-46621 (GFK)
Polaroid Consumer Electronics, LLC;                   08-46620 (GFK)
Polaroid Capital, LLC;                                08-46623 (GFK)
Polaroid Latin America I Corporation;                 08-46624 (GFK)
Polaroid Asia Pacific LLC;                            08-46625 (GFK)
Polaroid International Holding LLC;                    08-46626 (GFK)
Polaroid New Bedford Real Estate, LLC;                08-46627 (GFK)
Polaroid Norwood Real Estate, LLC;                    08-46628 (GFK)
Polaroid Waltham Real Estate, LLC)                    08-46629 (GFK)

                          Chapter 11 Cases
                          Judge Gregory F. Kishel

                          Jointly Administered under
                          Case No. 08-46617

## NOTICE OF HEARING AND MOTION FOR (I) EXPEDITED RELIEF, AND (II) INTERIM AND FINAL ORDERS AUTHORIZING USE OF CASH COLLATERAL

TO:    The Parties in Interest identified in Local Rule 9013-3(a)(2).

      1.    Polaroid Holding Company, Polaroid Corporation, Polaroid Consumer Electronics, LLC, Polaroid Capital, LLC, Polaroid Latin America I Corporation, Polaroid Asia Pacific, LLC, Polaroid International Holding, LLC, Polaroid New Bedford Real Estate, LLC, Polaroid Norwood Real Estate, LLC and Polaroid Waltham Real Estate, LLC (collectively "Debtors" or "Polaroid"), through their legal counsel, Lindquist & Vennum, P.L.L.P., respectfully request that the Court enter an order authorizing the interim and final use of cash collateral in the above-referenced cases and gives notice of a hearing.

2.     The Court will hold an expedited hearing on this motion seeking an **interim order** with respect to Polaroid's request for use of cash collateral at 1:30 p.m. CST on Tuesday, December 23, 2008, before the Honorable Gregory F. Kishel, United States Bankruptcy Judge, in Courtroom 2A of the United States Courthouse, 316 N. Robert Street, St. Paul, Minnesota.  A hearing on the Debtors' motion for a **final order** with respect to Polaroid's use of cash collateral will be held at 1:30 p.m. CST on Tuesday, January 20, 2009, at the same location.

3.     Local Rule 9006-1(b) provides deadlines for responses to this Motion.  However, given the expedited nature of the relief sought with respect to the portion of the Motion seeking a request for **interim relief** with respect to Polaroid's request for an order authorizing use of cash collateral, Polaroid does not object to written responses being served and filed immediately prior to the hearing.  Any response to the Motion for a **final order** with respect to Polaroid's request for an order authorizing use of cash collateral must be filed and delivered not later than January 14, 2009, which is three (3) days before the time set for the hearing (excluding Saturdays, Sundays, and holidays), or filed and served by mail not later than January 8, 2009, which is seven (7) days before the time set for the hearing (excluding Saturdays, Sundays, and holidays). **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4.     This Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005, and Local Rule 1070-1.  This is a core proceeding.  The petitions commencing the above-entitled Chapter 11 cases were filed on December 18, 2008 (the "Filing Date").  The cases are now pending before this Court.

5.     This Motion arises under 11 U.S.C. §§ 105, 361 and 363(c)(2) and the Fed. R. Bankr. P. 4001.  This Motion is filed under Fed. R. Bankr. P. 9014 and Local Rules 9013 and 4001-2.

6.      Polaroid requests an order an order authorizing Polaroid to use cash collateral in which Acorn Capital Group, LLC, as administrative and collateral agent, PAC Funding, LLC, Petters Company, Inc., Petters Company, LLC, Petters Capital, LLC each claim an interest. Polaroid requests an interim order authorizing the Debtors to use cash collateral on an interim basis from the date of the interim hearing through the date of a final hearing, and a final order authorizing it to use cash collateral through and including March 31, 2009.

### RULE 4001(b) STATEMENT

7.      Pursuant to Fed. R. Bankr. P. 4001(b), Polaroid requests an order authorizing continued use of cash collateral in which that parties identified in paragraph 6 above claim or may claim to hold an interest.  The Debtors will use the cash collateral to continue their operations and preserve the going-concern value of their assets.  The Debtors request interim authorization to only use the amount of cash collateral that is necessary to avoid immediate and irreparable harm to the estate pending a final hearing, and the amounts indicated on Exhibit A, without material deviation, through January 23, 2009, and final relief through March 31, 2008. As adequate protection, the Debtors propose to:  (i) grant the parties identified in paragraph 6 above replacement liens in cash collateral to the extent of the Debtors' utilization thereof; provided, however, that any and all such replacement liens will be of the same nature, character, validity, priority, dignity, extent and effect as the prepetition liens such party had, if any, in cash collateral and shall be without prejudice to the rights of the Debtors or any other party in interest to challenge the nature, character, validity, priority, dignity, extent and effect of any such liens or commence any proceeding under the Bankruptcy Code seeking a determination with respect thereto or seeking to avoid or set aside any such liens; (ii) utilize unencumbered cash consisting of Settlement Proceeds (as defined below) substantially in accordance with Projections (as defined below) in order to generate replacement cash collateral and the value of collateral and

the business; (iii) maintain segregated accounts and books of account for all items of cash constituting cash collateral and items of cash not constituting cash collateral; and (iv) provide the parties identified in paragraph 6 above claiming an interest in cash collateral copies of such financial or operating reports as filed with the Office of the U.S. Trustee.

## STATUS OF BANKRUPTCY CASES

8.     On December 18, 2008, each of the above-captioned Debtors filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). On the Filing Date, the Debtors also filed motions or applications seeking relief that is typical in Chapter 11 cases, including a motion for an order having the above-entitled cases jointly administered.

9.     The Debtors continue in possession of their respective properties and have continued to operate their businesses as a debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

10.     No trustee or examiner has been appointed in the Debtors' Chapter 11 cases. No creditor or other official committee has been appointed pursuant to § 1102 of the Bankruptcy Code.

## GENERAL BACKGROUND

The Polaroid Businesses

11.     Polaroid Corporation was founded in 1937 by Edwin H. Land, a pioneer in instant film, camera and camera accessories. The company initially focused on the development and sale of polarized sunglasses and lenses and, in 1939, sold more than one million pairs of sunglasses. In 1948, Polaroid introduced the first commercial instant film camera, and since that time, has been a recognized technological leader and innovator in the instant film and camera industry and more recently a leading consumer electronics company. The company that now

4

employs approximately 180 people and revolutionized instant photography, has grown into a global digital entertainment brand with annual net sales of approximately $400 million. The "Polaroid" brand is a global consumer icon with substantial brand awareness and value. It ranks among the most recognizable brands in the world and triggers powerful, positive associations for consumers of all ages.

12.     Polaroid was acquired by Petters Group Worldwide, LLC ("PGW") in April 2005 and PGW, directly or indirectly, owns 100% of Polaroid's equity. Since the acquisition, Polaroid has transitioned from a historic pioneering company with significant brand equity focused on analog film into a twenty-first century global company focused on digital printing, consumer electronics and licensing. Polaroid's current management team has substantial leadership and marketing experience and is positioned to lead the enterprise through this transformation into a profitable company.

13.     Polaroid designs, develops and markets instant and digital imaging products. Building on its 70-year heritage of visual innovation, Polaroid has an established and growing portfolio of digital imaging and lifestyle products, including portable zero-ink printers, LCD televisions, portable DVD players (standard, portable and BluRay®), digital cameras, instant cameras, digital picture frames and GPS technology.

14.     Polaroid has established strong retail distribution relationships with major retailers in North America and Europe. In the United States, Polaroid products are sold at Best Buy, Walmart, Target, Sears, K-Mart, Sam's Club and many drug and office retailers. In Europe, the company's products can be found at retailers such as Dixon's, Tesco, Carrefour, Media Mart, Metro Group and many more. Polaroid is capitalizing on its established brand by aggressively expanding into new global markets in order to take advantage of significant business opportunities.

5

15.     In the consumer electronics segment of its market, Polaroid has faced significant challenges arising from the commoditization in LCD television and portable DVD products.  As a result, Polaroid has moved to a brand license business model for consumer electronics with the company's leading retailers, lowering financing requirements, inventory risks and reducing overhead costs.

16.     Polaroid has a strong pipeline of new products and planned launches.  In the digital printing segment of its market, Polaroid has been investing in new products featuring modern designs and proprietary technologies, such as the Polaroid PoGO$^{TM}$ Instant Mobile Printer featuring ZINK$^{TM}$ Zero Ink printing technology.  The Polaroid PoGO$^{TM}$ Instant Mobile Printer is the first truly mobile printer.  Polaroid owns or has exclusive rights to emerging technologies that will enable it to further expand its presence in consumer and commercial markets.  The company anticipates launching four technological breakthrough products in 2009.

Events Leading to Chapter 11 Filings

17.     Despite having one of the most recognized brand names in the world, Polaroid has seen a decline in net sales over the past several years, coupled with increasing operational and product development costs.  Prior to the commencement of the bankruptcy cases, Polaroid has implemented cost-savings measures aimed at reducing overhead and increasing operational efficiencies.

18.     The ability of Polaroid to fully implement its business plans and capitalize on its established brand in global markets requires financing that is currently not available to the company.  Polaroid has been unable to obtain financing to date due to, among other things, the business dealings of PGW's sole shareholder, Thomas J. Petters, and his affiliated entities.  These business dealings include the imposition of burdensome contractual commitments in the months preceding the bankruptcy filings that resulted in the pledge of assets in favor of the

Doc# 2764494\5

Acorn Capital Group, LLC and Ritchie Capital Management, L.L.C. to secure substantial debts and investments for which Polaroid received no or inadequate consideration.

19.     The federal authorities have commenced investigations, which have been publicly announced and widely reported, that are ongoing and have resulted in the arrest and criminal indictment of Thomas J. Petters on multiple counts of fraud and other charges.  Polaroid and its officers are not a part of the criminal investigation.

20.     On October 6, 2008, the Honorable Ann D. Montgomery, United States District Court, District of Minnesota, issued an Order that, among other things, appointed Douglas A. Kelley as Receiver for Polaroid, PGW, Petters Capital, LLC, Petters Company, Inc., PAC Funding, LLC and other affiliated entities owned or controlled, directly or indirectly, by Thomas J. Petters (the "Receiver").  Pursuant to that Order, and subsequent orders that have been entered, the Receiver has been vested with the authority to act as agent for the United States District Court and to manage and take exclusive possession of all of the property, assets, businesses and estates belonging to or in the possession, custody or under the control of the entities owned or controlled by Thomas J. Petters.  The Orders also prohibit creditors and investors from enforcing any lien or asserting any claim on any asset or business subject to the federal receivership.  The Receiver, acting in accordance with the authority conferred upon him by the United States District Court, filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code for Petters Group Worldwide, LLC, BKY Case No. 08-4528, Petters Company, Inc., BKY Case No. 08-45257, PAC Funding, LLC, BKY Case No. 08-45371, and other affiliated companies for the purpose of preserving value and the status quo, analyzing accounting records, investigating various transactions, asset transfers and dealings with investors and, where appropriate, pursing potential claims.

Doc# 2764494\5

21.    The events surrounding the very recent pledges of Polaroid business assets by Thomas J. Petters in favor of Acorn Capital Management, LLC and Ritchie Capital Management, L.L.C. on the eve of federal court receivership and the impact of the allegations levied against Mr. Petters by federal authorities have forced the Debtors to seek relief under Chapter 11 of the Bankruptcy Code.  The Debtors believe that bankruptcy protection is necessary in order to access necessary cash collateral, implement strategies for maximizing value for all stakeholders, address outstanding claims and reorganize operations.  The Debtors continue to operate their businesses as debtors-in-possession.

## ANTICIPATED DIRECTION

22.    On October 16, 2008, Polaroid engaged Houlihan Lokey as financial advisors to, among other things, assess various strategic and funding alternatives, recommend a course of action to preserve and maximize the value of the Debtor's assets, and to structure and execute a sale process if recommended.  Houlihan Lokey and the company have determined that the Debtors' best opportunity to maximize value was to establish and execute a process to sell the Polaroid business and related assets.  The company hopes to file a motion to approve a sale process and establish bidding procedures within the next several weeks and to ultimately obtain from this Court a final order approving a sale of Polaroid within the next 2 or 3 months.

## PREPETITION SECURED DEBT

23.    The following entities claim or may claim an interest in assets of the Debtors constituting cash collateral:  (i) Acorn Capital, LLC (whose claimed interests do not extend to patents or commercial tort claims), and (ii) PAC Funding, LLC, Petters Company, Inc., Petters Company, LLC, and Petters Capital, LLC, are companies that are all, directly or indirectly, owned by Thomas J. Petters are either in bankruptcy or subject to the control of the Receiver appointed by the United States District Court and do not object to the relief requested in this

Doc# 2764494\5

Motion.   The Debtors dispute the validity, extent, nature and propriety of the liens and obligations imposed on Polaroid and its businesses under the agreements with Acorn Capital, LLC, the Petters entities and other parties in interest and anticipate commencing actions to, among other things, seek to avoid these liens as fraudulent transfers and other the theories.

Acorn Capital Group, LLC (Third-Party Pledge)

24.    Polaroid Corporation and Polaroid Consumer Electronics, LLC are jointly and severally subject to specified obligations that are claimed to be owing "by PAC Funding, LLC" (presently in a Chapter 11 proceeding before this Court) to **Acorn Capital Group, LLC** in an amount that has been alleged to be in excess of **$250 million** under the terms of the following loan documents executed by Thomas J. Petters on behalf of the Polaroid debtors:

a.  Second Amended and Restated Security Agreement dated as of May 12, 2008 that purports to grant a security interest to the Acorn Capital Group, LLC in the following assets of Polaroid Corporation and Polaroid Consumer Electronics, LLC:

INVENTORY (United States):

"all Inventory located in the United States and other tangible personal property located in the United States held for sale or lease or furnished or to be furnished under contracts of service or consumed in such Pledgor's business, including without limitation all computer programs embedded [in] such Inventory;"

ACCOUNTS (United States):

"all Accounts located in the United States;"

TRADEMARKS (North America):

"the U.S. Trademark;"

"the Mexican Trademark;"

"the Canadian Trademark; and"

PROCEEDS:

"all Proceeds or products of any and all of the foregoing."

Doc# 2764494\5

b.      Grant of Security Interest in Trademarks dated as of May 12, 2008 that purports to grant a security interest to Acorn Capital Group, LLC in specified North American Trademarks of Polaroid Corporation.

PAC Funding, LLC

25.      Polaroid Corporation and Polaroid Consumer Electronics, LLC are jointly and severally subject to specified obligations that are claimed to be owing and secured to **PAC Funding, LLC** under the terms of the following notes and loan documents executed by Thomas J. Petters on behalf of the Polaroid debtors and PAC Funding, LLC:

b.   Promissory Note in the original principal amount of **$10 million** dated April 10, 2008 and related First Amendment to Promissory Note and Security Agreement dated May 12, 2008;

b.   Amended and Restated Security Agreement, dated April 18, 2008 that purports to grant a security interest to PAC Funding, LLC in the following assets of Polaroid Corporation and Polaroid Consumer Electronics, LLC:

INVENTORY (United States):

"all Inventory located in the United States and other tangible personal property located in the United States for sale or lease or furnished or to be furnished under contracts of service or consumed in such Borrower's business, including without limitation all computer programs embedded in such Inventory;"

ACCOUNTS (United States):

"all Accounts located in the United States;"

PROCEEDS:

"all Proceeds or products of any and all of the forgoing."

Petters Investments in Polaroid

26.      Polaroid Corporation is subject to specified obligations that are claimed to be owing and secured to **Petters Company, Inc., Petters Company, LLC, and Petters Capital, LLC** in an amount that has been alleged to be in excess of **$40 million** in the aggregate under the terms of the following notes and loan documents executed by Thomas J. Petters on behalf of the Polaroid Corporation:

10

a.     Promissory Note in the original principal amount of $20 million dated April 24, 2007 in favor of Petters Company, LLC ("First Loan"); a Loan Agreement dated April 24, 2007 in favor of Petters Company, LLC; an Amended and Restated Loan Agreement dated October 22, 2007 in favor of Petters Company, Inc., Petters Company, LLC and Petters Capital, LLC; and an Amended and restated Secured Subordinated Term Note dated as of September 11, 2008 in favor of Petters Company, Inc.

b.     Promissory Notes issued in favor of Petters Capital, LLC on October 22, 2007 in the amount of $4 million, on October 29, 2007 in the amount of $6 million, on November 5, 2007 in the amount of $5 million, and on November 12, 2007 in the amount of $5 million ("Second Loans").

c.     Pledge and Security Agreement, dated April 24, 2007 as subsequently amended on October 22, 2007 and further amended on December 15, 2007, that purports to grant a security interest in both the First Loan and Second Loans to Petters Company, Inc., Petters Company, LLC and Petters Capital, LLC in the all right, title and interest in the following assets of Polaroid Corporation:

> Documents; Goods (including Documents Representing Goods and Software Embedded in Goods; Insurance; Intellectual Property; Investment Related Property; Letter of Credit Rights; Money; Non-Payment Contracts; Receivables Contracts and Receivable Records; Commercial Tort Claims; All General Intangibles, Material Contracts, Borrower's Collateral Records; Borrower's Collateral Support and Supporting Obligations relating to any of the foregoing; and All Proceeds, products, accessions, rents and profits of or in respect of any of the foregoing.

## CASH POSITION AND AVAILABILITY

27.     As of the date hereof, the Debtors have approximately $20.75 million in cash maintained in a segregated bank account at JPMorgan Chase Bank, N.A.and Citibank (the "Settlement Proceeds") in addition to sources of cash from operations in the approximate amount of $5.9 million.   The Settlement Proceeds are attributable to funds received by Polaroid Corporation on or about October 16, 2008 in settlement of a patent infringement action constituting a commercial tort claim within the meaning of Article 9 of the Uniform Commercial Code.   The Settlement Proceeds were received after the commencement of the federal receivership proceedings and the appointment of the Receiver by the United States District Court.  The Settlement Proceeds are and always have been readily identifiable and segregated

from any and all funds constituting cash collateral and were never commingled with the proceeds from the sale of inventory or collections on accounts receivable.

28.     Polaroid also receives licensing fees in the ordinary course of its business from third parties unrelated to the sale of any inventory owned by the Debtors (the "License Fees").

29.     The Settlement Proceeds and any License Fees received by the Debtors post-petition represent unencumbered assets and are available for use by the Debtors and do not constitute cash collateral within the meaning of the Bankruptcy Code.  The Debtors intend to maintain segregated accounts with in which the Settlement Proceeds will be maintained until deposited as needed into the Debtors' operating accounts to cover ongoing operating expenses. The License Fees acquired by the Debtors post-petition will deposited into the operating account.

30.     After satisfying the payment of the necessary Pending Payroll Obligations (as defined below) from cash collateral, the Debtors presently intend to use the Settlement Proceeds and post-petition License Fees to fund the reasonable and necessary expenses of operating their businesses in Chapter 11.  While the Debtors hereby expressly reserve the right to seek further relief and the authority from the Court to use cash collateral at some point in the future to the extent necessary, the Debtors expect to rely on the Settlement Proceeds and the post-petition License Fees to fund necessary operations and expenses during the foreseeable future.

## RELIEF REQUESTED

31.     The Debtors request an expedited hearing for an interim Order authorizing the Debtors' to use cash collateral in which Acorn Capital Group, LLC, as administrative and collateral agent, PAC Funding, LLC, Petters Company, Inc., Petters Company, LLC, Petters Capital, LLC claim an interest, as more specifically set forth above.  The Debtors assert that there is cause for ordering an expedited hearing on its motion for approval of interim use of cash collateral for the reasons set forth herein.  The Debtors will suffer irreparable harm if they cannot

Doc# 2764494\5

utilize cash collateral on a preliminary basis, pending a final hearing on this Motion, and other available cash.  This request relates specifically to the current payroll to be distributed on December __, 2008 and the additional use of cash collateral to the extent that issues arise with respect to the Settlement Proceeds and the License Fees that are contemplated being utilized substantially in accordance with the Projections in the ordinary course as non-cash collateral items.

32.     Reasonable notice of the request for an expedited hearing was given by telephonic, facsimile or e-mail notice to the creditors claiming an interest in cash collateral, the U.S. Trustee, counsel for the Official Committee of Unsecured Creditors in the jointly administered cases of In re Petters Company, Inc., et al., BKY Case No. 08-4527, the Receiver and any party that has filed a request for notice in the above-referenced bankruptcy cases.  The interests of a creditor wishing to object to the use of cash collateral are protected and preserved by the opportunity to object and be heard.

33.     The Debtors need the immediate use of cash to meet the on-going expenses of operating business, including making the next payroll for employees which will occur on December 23, 2008 in the approximate amount of $700,000 (the "Pending Payroll Obligations"), paying payroll taxes and related employee expenses, payments to trade vendors for post-petition purchases, payment of rent, utility deposits, telephone, insurance, payments to other parties that supply goods and services to the Debtors post-petition and other necessary expenses associated with the administration of the bankruptcy estates.  These expenses are more specifically set forth in the Debtors' cash flow projections and budget for the business attached as Exhibit A (the "Projections")  The Debtors have an immediate need to use approximately $8 million between the Filing Date and January 23, 2009 in accordance with the attached Projections, of which the Pending Payroll Obligations constitute cash collateral.  Payment of all of these amounts are

13

necessary to avoid immediate and irreparable harm to the bankruptcy estates pending a final hearing on the Motion and, to the extent that the Court characterizes the Settlement Payment as cash collateral for some reason, the Debtors by this Motion also seek interim and final authority herein to utilize these proceeds for the benefit of the businesses, the bankruptcy estates and all constituents.

34.     The Debtors utilize the services of a nationally recognized payroll processing service, ADP, to facilitate payroll obligations to its employees.  ADP requires good and available funds and, prior to the commencement of the bankruptcy cases, the Debtors have transferred funds sufficient to cover the Pending Payroll Obligations to its payroll account to be debited by ADP immediately upon Court approval of the pending Motion.

35.     The Debtors anticipate the entry of a final order authorizing the use of cash collateral on or about January 23, 2009.  If the Debtors are unable to timely fund the Pending Payroll Obligations, the Debtors may lose its employees and be unable to hire new employees. The Debtors must have cash, including that portion of cash constituting cash collateral, in order to pay vendors for goods and services necessary to maintain the Debtor's operations.  Without the interim use of cash collateral and other cash as proposed in the Projections, Polaroid may not be able to continue operations and pursue its strategies for maximizing value, and the interests of creditors and others in this case will be irreparably harmed.  Therefore, cause exists to reduce notice of the hearing with respect to an interim order authorizing the use of cash collateral.

36.     The Debtors have cash on hand and will generate cash from continuing operations.  As set forth in the Projections, the Debtors projects that such cash will be sufficient to fund its Chapter 11 administrative expenses, including post-petition operating expenses while maintaining a comparable level of collateral to provide adequate protection to lien claimants. Lienholders asserting a security interest in the Debtors' cash collateral are also adequately

Doc# 2764494\5

protected by their respective security interests in other collateral, including the Debtors'
trademarks. In addition, the Debtors propose to grant existing lienholders holding an interest in
cash collateral a post-petition replacement security interest of the same nature, character,
validity, priority, dignity, extent and effect as the prepetition interest such party had, if any, in
cash collateral to the extent of the cash collateral so used; provided, however, that the grant of
any and all such replacement liens shall be without prejudice to the rights of the Debtors or any
other party in interest to challenge the nature, character, validity, priority, dignity, extent and
effect of any such liens or commence any proceeding under the Bankruptcy Code seeking a
determination with respect thereto or seeking to avoid or set aside any such liens. The Debtors
will also prepare and provide to any party in paragraph 6 of this Motion claiming an interest in
cash collateral copies of such financial or operating reports as filed with the Office of the U.S.
Trustee.

37.     The Debtors' proposed use of unencumbered cash and cash collateral and offer of
adequate protection provides adequate protection against the risk of the Debtors' use of cash
collateral and furthers the interests of all stakeholders in these bankruptcy cases. The Debtors
propose to use the cash to continue operations until the sale process it commenced prior to the
bankruptcy cases with the assistance of its financial advisors can be consummated.

38.     Prior to the hearing on the Motion for a final order authorizing use of cash
collateral, and in settlement of any and all matters raised in this Motion, Debtors may enter into a
stipulation or agreed order with parties claiming a security interest in cash collateral assets of the
Debtors concerning the use of cash collateral, adequate protection and other related matters. In
the event the Debtors enter into any such stipulation, it will seek approval of the stipulation
without further notice or hearing pursuant to Rule 4001(d)(4) of the Federal Rules of Bankruptcy

Doc# 2764494\5

Procedure, and **DEBTORS HEREBY GIVE NOTICE OF THEIR INTENTION TO SEEK APPROVAL OF ANY SUCH STIPULATION**.

39.     Pursuant to Local Rule 9013-2(a), this Motion is accompanied by a memorandum of law, proposed order and proof of service.

40.     Pursuant to Local Rule 9013-2(c), the Debtors hereby give notice that they may, if necessary, call Robert J. McDonough, Senior Vice President of Finance, and/or other employees or advisors to the Debtors to testify about the factual matters raised in the Motion.  The business address for Mr. McDonough is 300 Baker Avenue, Concord, Massachusetts 01742.

WHEREFORE, the Debtors move the Court for an order granting:

A.     An expedited hearing;

B.     Its Motion for an order authorizing the Debtors, on an interim basis, to use of cash collateral through and including January 23, 2009 substantially consistent with the Projections attached to the Motion and, additionally, authorizing and confirming the Debtors' authority to utilize the Settlement Proceeds and the License Fees substantially consistent with the Projections;

C.     Its Motion for a final order authorizing the Debtors, on a final basis, to use cash collateral through and including the month ending March 31, 2009 substantially consistent with the Projections attached to the Motion and, additionally, authorizing and confirming the Debtors' authority to utilize the Settlement Proceeds and the License Fees substantially consistent with the Projections; and

D.     Such other and further relief as the Court deems just and equitable.

Doc# 2764494\5

DATED: December 19, 2008            **LINDQUIST & VENNUM P.L.L.P.**

By:    e/ James A. Lodoen _____
James A. Lodoen (173605)
   E-Mail: jlodoen@lindquist.com
George H. Singer (262043)
   E-Mail: gsinger@lindquist.com
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2274
(612) 371-3211
(612) 371-3207 (facsimile)

**ATTORNEYS FOR DEBTORS**

## VERIFICATION

I, Robert J. McDonough, Senior Vice President of Finance of the Debtors, declare under penalty of perjury that the facts set forth in the preceding Motion and attached exhibits are true and correct according to the best of my knowledge, information and belief.

Robert J. McDonough

Dated: 12/19/08

# EXHIBIT A

## BUDGET AND CASH FLOW PROJECTIONS

Doc# 2764494\5

**Polaroid Corporation - USA**
**Weekly Cash Forecast (Week # 51)**
($ in millions)

| | Fiscal December 2008 (Forecast) | | Fiscal January 2009 (Forecast) | | | | Fiscal February 2009 | | | | Fiscal March 2009 | | | 13 Weeks |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Fiscal Week #** | 51 | 52 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12/21/08–03/15/09 |
| **Week Ending** | 12/21 | 12/28 | 01/04 | 01/11 | 01/18 | 01/25 | 02/01 | 02/08 | 02/15 | 02/22 | 03/01 | 03/08 | 03/15 | |
| **Beginning Cash Balance** | | | | | | | | | | | | | | |
| Operating Account | 5.87 | 7.29 | 7.57 | 8.65 | 9.66 | 11.78 | 12.66 | 15.12 | 15.96 | 16.76 | 18.57 | 20.47 | 22.48 | |
| Tort Claim Proceeds | 21.00 | 18.91 | 17.54 | 15.85 | 14.54 | 14.12 | 13.16 | 10.62 | 7.75 | 6.98 | 6.21 | 5.57 | 3.86 | |
| Total Beginning Cash Balance | 26.87 | 26.20 | 25.11 | 24.50 | 24.21 | 25.90 | 25.82 | 25.74 | 23.72 | 23.75 | 24.79 | 26.05 | 26.33 | |
| **Cash Receipts** | | | | | | | | | | | | | | |
| CE (includes Direct Model) | 0.87 | (0.06) | 0.00 | (0.06) | 1.04 | (0.19) | 0.48 | 0.27 | 0.23 | 0.23 | 0.23 | 0.25 | 0.25 | 3.54 |
| PoGo & Instant | 0.55 | 0.35 | 1.08 | 1.08 | 1.08 | 1.08 | 1.98 | 0.57 | 0.57 | 1.57 | 1.67 | 1.75 | 1.75 | 15.08 |
| Other | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Cash Receipts | 1.42 | 0.29 | 1.08 | 1.01 | 2.11 | 0.89 | 2.45 | 0.85 | 0.80 | 1.81 | 1.90 | 2.00 | 2.00 | 18.62 |
| **Cash Disbursements** | | | | | | | | | | | | | | |
| CE - Inventory | - | - | (0.15) | - | - | - | - | (0.28) | - | - | - | - | - | (0.43) |
| PoGo Related | (0.06) | (0.67) | (0.87) | (0.38) | (0.08) | (0.22) | (1.94) | (1.07) | (0.32) | (0.04) | (0.04) | (0.60) | (0.24) | (6.53) |
| Employee / Site | (0.79) | (0.60) | (0.68) | (0.68) | (0.17) | (0.64) | (0.50) | (1.43) | (0.21) | (0.63) | (0.50) | (0.91) | (0.21) | (7.82) |
| Other CE Spending | (0.49) | (0.10) | (0.10) | (0.10) | (0.10) | (0.10) | (0.10) | (0.10) | (0.10) | (0.10) | (0.10) | (0.10) | (0.10) | (1.69) |
| Other | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Cash Disbursements | (1.34) | (1.37) | (1.69) | (1.16) | (0.35) | (0.96) | (2.54) | (2.87) | (0.62) | (0.77) | (0.64) | (1.62) | (0.55) | (16.47) |
| **Operational Net Cash Flow** | 0.08 | (1.08) | (0.61) | (0.15) | 1.77 | (0.08) | (0.09) | (2.02) | 0.18 | 1.04 | 1.26 | 0.39 | 1.46 | 2.15 |
| **Non-Operating Cash Flows** | | | | | | | | | | | | | | |
| Tort Claim Proceeds | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Company Advisors | (0.75) | - | - | (0.15) | (0.08) | - | - | - | (0.15) | - | - | (0.10) | (0.15) | (1.38) |
| Other | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Non-Operational Cash Flows | (0.75) | - | - | (0.15) | (0.08) | - | - | - | (0.15) | - | - | (0.10) | (0.15) | (1.38) |
| **Net Cash Flow** | (0.67) | (1.08) | (0.61) | (0.30) | 1.69 | (0.08) | (0.08) | (2.02) | 0.03 | 1.04 | 1.26 | 0.29 | 1.31 | 0.78 |
| **Ending Cash Balance** | | | | | | | | | | | | | | |
| Operating Account | 7.29 | 7.57 | 8.65 | 9.66 | 11.78 | 12.66 | 15.12 | 15.96 | 16.76 | 18.57 | 20.47 | 22.48 | 24.48 | 24.48 |
| Tort Claim Proceeds | 18.91 | 17.54 | 15.85 | 14.54 | 14.12 | 13.16 | 10.62 | 7.75 | 6.98 | 6.21 | 5.57 | 3.86 | 3.16 | 3.16 |
| Total Ending Cash Balance | 26.20 | 25.11 | 24.50 | 24.21 | 25.90 | 25.82 | 25.74 | 23.72 | 23.75 | 24.79 | 26.05 | 26.33 | 27.64 | 27.64 |
| **Detail of Employee / Site Spending** | | | | | | | | | | | | | | |
| Payroll | (0.70) | (0.05) | - | - | - | - | - | - | - | - | - | - | - | (0.75) |
| Severance | - | - | - | - | - | - | - | - | - | - | - | - | - | |
| Bonus | - | - | - | - | - | - | - | - | - | - | - | - | - | |
| Benefits (Medical, 401K) | (0.09) | (0.15) | (0.17) | (0.06) | (0.17) | (0.02) | (0.30) | (0.02) | (0.21) | (0.02) | (0.30) | (0.02) | (0.21) | (1.74) |
| Rent | - | (0.40) | - | (0.40) | - | - | - | (0.40) | - | - | - | (0.30) | - | |
| Insurance | - | - | - | - | - | - | (0.20) | - | - | - | (0.20) | - | - | |
| Benefits (Insur, Dental, Flex) | - | - | - | - | - | - | - | - | - | - | - | - | - | |
| Decommissioning | - | - | - | - | - | - | - | - | - | - | - | - | - | |
| Total Employee / Site Spending | (0.79) | (0.60) | (0.68) | (0.68) | (0.17) | (0.64) | (0.50) | (1.43) | (0.21) | (0.63) | (0.50) | (0.91) | (0.21) | (7.82) |
| **Memo:** | | | | | | | | | | | | | | |
| Gross Trade AR | 17.9 | 16.6 | 14.7 | 12.7 | 9.6 | 7.5 | 5.7 | 5.7 | 5.8 | 4.9 | 4.0 | 2.8 | 1.7 | |
| Gross FG Inventory | 27.2 | 25.5 | 25.2 | 25.0 | 24.7 | 24.4 | 24.4 | 25.0 | 25.7 | 26.3 | 26.9 | 27.7 | 28.4 | |
| Total | 45.1 | 42.1 | 40.0 | 37.7 | 34.3 | 31.9 | 30.0 | 30.7 | 31.5 | 31.2 | 30.9 | 30.5 | 30.1 | |

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

In re:                                                    Court Files Nos.:

    Polaroid Corporation, et al.,                     08-46617 (GFK)

             Debtors.

(includes:
Polaroid Holding Company;                              08-46621 (GFK)
Polaroid Consumer Electronics, LLC;                    08-46620 (GFK)
Polaroid Capital, LLC;                                 08-46623 (GFK)
Polaroid Latin America I Corporation;                  08-46624 (GFK)
Polaroid Asia Pacific LLC;                             08-46625 (GFK)
Polaroid International Holding LLC;                     08-46626 (GFK)
Polaroid New Bedford Real Estate, LLC;                 08-46627 (GFK)
Polaroid Norwood Real Estate, LLC;                     08-46628 (GFK)
Polaroid Waltham Real Estate, LLC)                     08-46629 (GFK)

                             Chapter 11 Cases
                             Judge Gregory F. Kishel

                             Jointly Administered under
                             Case No. 08-46617

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING USE OF CASH COLLATERAL AND REQUEST FOR EXPEDITED HEARING

### INTRODUCTION

      Polaroid Holding Company, Polaroid Corporation, Polaroid Consumer Electronics, LLC,

Polaroid Capital, LLC, Polaroid Latin America I Corporation, Polaroid Asia Pacific, LLC,

Polaroid International Holding, LLC, Polaroid New Bedford Real Estate, LLC, Polaroid

Norwood Real Estate, LLC and Polaroid Waltham Real Estate, LLC (collectively "Debtors" or

"Polaroid"), through its undersigned attorneys, submits this Memorandum in support of its

Motion.  The Debtors seek an expedited hearing and orders on an interim and final basis

authorizing it to use cash collateral in which the Acorn Capital Group, LLC, as administrative

and collateral agent, PAC Funding, LLC, Petters Company, Inc., Petters Company, LLC, Petters Capital, LLC each claim an interest.  The Court should grant the Motion for expedited relief with respect to an interim hearing, and grant interim and final relief authorizing the Debtors to use cash collateral as set for in the Motion and, additionally, authorize and confirm the Debtors' authority to utilize the Settlement Proceeds and the License Fees substantially in accordance with the Projections (as such terms are defined in the Motion or later herein).  Polaroid estimates that it will need to use an aggregate of approximately $8 million until a final hearing on the use of cash collateral is held in order to avoid immediate and irreparable harm to the bankruptcy estates, creditors and parties in interest.

**FACTUAL BACKGROUND**

The factual support for the Debtors' motion and this memorandum is set forth in the verified motion.

**LEGAL ANALYSIS**

**II.      CAUSE EXISTS TO REDUCE NOTICE OF HEARING ON INTERIM MOTION**

Fed. R. Bankr. P. 4001(b) provides that the court may commence a final hearing on a motion for authorization to use cash collateral no earlier than 15 days after service of the motion. The rule further provides that the court may conduct a preliminary hearing before such 15 day period expires, but the court may authorize the use of only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

Local Rule 9006-1 provides that notice of hearing must be delivered not later than seven days prior to the hearing date, except that subparagraph (e) provides that the court may reduce the notice of the hearing.  In this case, there are grounds to reduce the notice of the interim hearing and authorize use of cash collateral on a preliminary basis pending the final hearing. The Debtors have an urgent need for use of its unencumbered cash and cash collateral in order to

2

avoid irreparable harm.  The Debtors must meet payroll, rents, post-petition trade vendor and other obligations necessary to operate their businesses substantially in accordance with the Projections in order to preserve and maximize value.  Unless the Debtors are able to do so, the value of the bankruptcy estates will be greatly diminished.  Finally, the notice of this Motion is more than 48 hours prior to hearing and is consistent with the expedited relief contemplated in the local instructions.

## II.   THE COURT SHOULD AUTHORIZE DEBTORS' PROPOSED USE OF CASH COLLATERAL ON AN INTERIM AND FINAL BASIS AND ADDITIONALLY AUTHORIZE AND CONFIRM THE DEBTORS' AUTHORITY TO UTILIZE THE SETTLEMENT PROCEEDS SUBSTANTIALLY IN ACCORDANCE WITH THE PROJECTIONS

The Bankruptcy Code provides that a debtor in possession may engage in transactions, including use unencumbered cash, in the ordinary course of its business, and may use cash collateral only with the secured creditor's consent or if the Court, after notice and a hearing, authorizes such use.  See 11 U.S.C. § 363(c)(2).  The Debtors propose to use the proceeds of approximately $21.1 million received by Polaroid Corporation during the pendency of the federal receivership proceeding in connection with an unencumbered commercial tort claim resulting from patent infringement litigation (the "Settlement Proceeds").  Polaroid also receives licensing fees in the ordinary course of its business from third parties unrelated to the sale of any inventory or collections on accounts receivable (the "License Fees").  Neither the Settlement Proceeds nor the License Fees constitute cash collateral but, rather, represent unencumbered cash proceeds available for use by the Debtors.  See U.C.C. §  9-102(2) (excluding commercial tort claims from the definition of accounts); U.C.C. § 9-102(13)(defining commercial tort claims); U.C.C. § 9-108(e) & cmt. 5 (providing that a description only by 'type' of collateral or by mere reference only to 'commercial tort claims' is an insufficient description of collateral for purposes of attachment of a security interest, as such claims are not subject to after-acquired property

3

clauses).  See also 11 U.S.C. § 552 (cutting off after-acquired property clauses).  The Settlement Proceeds have at all times remained segregated in a separate account and never commingled with the proceeds of the sale of inventory or collections on accounts receivable.

The Debtors need the immediate use of cash to meet the ongoing and ordinary expenses of operating their businesses, including sufficient amounts for making the next payroll for employees which will occur on December 23, 2008 in the approximate amount of $700,000 (the "Pending Payroll Obligations") and other customary items, such as rent, utility deposits, telephone, insurance, payment to vendors that supply goods and services to the Debtors post-petition and other expenses that are associated with the administration of the bankruptcy estates as more fully set forth in the Debtors' cash flow projections and budget (the "Projections").  After satisfying the payment of the necessary Pending Payroll Obligations from cash collateral cash collateral the Debtors presently intend to use the Settlement Proceeds and post-petition License Fees to fund the reasonable and necessary expenses of operating their businesses in Chapter 11.  This will allow unencumbered cash resources of the Debtors to preserve, and indeed generate, value for all stakeholders in the form of increased accounts receivable and other assets.  The expenditures from unencumbered cash resources will therefore maintain the going concern value of the Debtors, which will inure to the benefit of lenders with allowed secured claims and other creditors.  An inability to use necessary and available cash resources and cash collateral as requested in the Motion will greatly impair the value of the Debtors' assets in which the lenders claim to have a security interest and would be disruptive to the Debtors' customers, employees and other parties in interest.

The Debtors propose granting the creditors claiming a security interest in cash collateral and identified in the Motion adequate protection in the manner, to the extent and subject to the

4

reservations set forth in the Motion.  The adequate protection proposals offered by the Debtors, particularly under the circumstances giving rise to the claimed lien interests in these cases, provide reasonable and adequate protections for the claimed interests.  See In re Martin, 761 F.2d 472, 476-77 (8th Cir. 1985).

Bankruptcy Code § 549 allows a debtor to avoid the post-petition transfer of property that is not authorized by the Code or by the court.  Thus, the Bankruptcy Code, including §§ 105, 363 and 549, establishes this Court's authority to additionally approve the Debtors' request to authorize and confirm the Debtors' authority to utilize the Settlement Proceeds and the License Fees substantially in accordance with the Projections.  Alternatively, this Court should consider the request in the Motion to seek interim and final authority to utilize such proceeds in accordance with the requests for use of cash collateral.

Doc# 2813760\1

## CONCLUSION

The proposed payments are supported by a good business justification.  For all of the foregoing reasons, this Court should enter an order authorizing Polaroid to use cash collateral on a preliminary basis, and thereafter authorizing the use of cash collateral through and including March 31, 2009 in a manner consistent with the Projections attached to the Motion and grant such further and additional relief as requested in the Motion.

DATED: December 19, 2008                      **LINDQUIST & VENNUM P.L.L.P.**


By   /s/ James A. Lodoen
James A. Lodoen (173605)
  Email:  jlodoen@lindquist.com
George H. Singer (262043)
  Email:  gsinger@lindquist.com
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2274
(612) 371-3211
(612) 371-3207 (facsimile)

**ATTORNEYS FOR DEBTORS**

Doc# 2813760\1

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Polaroid Corporation, et al.,

Debtors.

(includes:
Polaroid Holding Company;
Polaroid Consumer Electronics, LLC;
Polaroid Capital, LLC;
Polaroid Latin America I Corporation;
Polaroid Asia Pacific LLC;
Polaroid International Holding LLC;
Polaroid New Bedford Real Estate, LLC;
Polaroid Norwood Real Estate, LLC;
Polaroid Waltham Real Estate, LLC)

Court File Nos.:

08-46617 (GFK)

08-46621 (GFK)
08-46620 (GFK)
08-46623 (GFK)
08-46624 (GFK)
08-46625 (GFK)
08-46626 (GFK)
08-46627 (GFK)
08-46628 (GFK)
08-46629 (GFK)

Chapter 11 Cases
Judge Gregory F. Kishel

Jointly Administered under
Case No. 08-46617

## INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL
## AND GRANTING EXPEDITED HEARING

This matter came on for hearing on December 23, 2009, on the Motion of Polaroid Holding Company, Polaroid Corporation, Polaroid Consumer Electronics, LLC, Polaroid Capital, LLC, Polaroid Latin America I Corporation, Polaroid Asia Pacific, LLC, Polaroid International Holding, LLC, Polaroid New Bedford Real Estate, LLC, Polaroid Norwood Real Estate, LLC and Polaroid Waltham Real Estate, LLC (collectively "Debtors" or "Polaroid") for an expedited hearing and for authorization to use cash collateral (the "Motion"). James A. Lodoen and George H. Singer appeared for the Debtors. Other appearances were noted on the record.

Based on the arguments of counsel, all the files, records and proceedings hearing, and the Court's findings of fact and conclusions of law, if any, having been recorded in open court following the close of evidence,

IT IS HEREBY ORDERED:

1.    The Debtors' Motion for expedited hearing is granted.

2.    The Debtors are hereby authorized to use cash, including cash collateral, on an interim basis, in material compliance with the projections attached to the Motion through and including January 23, 2009 and, additionally, are hereby authorized to utilize the Settlement Proceeds and License Fees (as defined in the Motions) in material compliance with the projections attached to the Motion.

3.    For purposes of adequate protection, and to the extent of the use of prepetition collateral, the Debtors are, subject in all respects to the limitations and qualifications set forth in the Motion, authorized to grant the lenders claiming an interest in cash collateral and identified in the motion adequate protection in the manner and to the extent set forth in the Motion.

4.    Notwithstanding Federal Rule of Bankruptcy Procedure 6004(g), this order is effective immediately.

Dated: _____       _____
                                  Gregory F. Kishel
                                  United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Court File Nos.: |
| Polaroid Corporation, et al., | 08-46617 (GFK) |
| Debtors. | |
| (includes: | |
| Polaroid Holding Company; | 08-46621 (GFK) |
| Polaroid Consumer Electronics, LLC; | 08-46620 (GFK) |
| Polaroid Capital, LLC; | 08-46623 (GFK) |
| Polaroid Latin America I Corporation; | 08-46624 (GFK) |
| Polaroid Asia Pacific LLC; | 08-46625 (GFK) |
| Polaroid International Holding LLC; | 08-46626 (GFK) |
| Polaroid New Bedford Real Estate, LLC; | 08-46627 (GFK) |
| Polaroid Norwood Real Estate, LLC; | 08-46628 (GFK) |
| Polaroid Waltham Real Estate, LLC) | 08-46629 (GFK) |
| | Chapter 11 Cases |
| | Judge Gregory F. Kishel |
| | Jointly Administered under |
| | Case No. 08-46617 |

## FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

This matter came on for hearing on January 20, 2009, on the Motion of Polaroid Holding

Company, Polaroid Corporation, Polaroid Consumer Electronics, LLC, Polaroid Capital, LLC,

Polaroid Latin America I Corporation, Polaroid Asia Pacific, LLC, Polaroid International

Holding, LLC, Polaroid New Bedford Real Estate, LLC, Polaroid Norwood Real Estate, LLC

and Polaroid Waltham Real Estate, LLC (collectively "Debtors" or "Polaroid") for an expedited

hearing and for authorization to use cash collateral (the "Motion"). James A. Lodoen and

George H. Singer appeared for the Debtors. Other appearances were noted on the record.

Based on the arguments of counsel, all the files, records and proceedings hearing, and the

Court's findings of fact and conclusions of law, if any, having been recorded in open court

following the close of evidence,

IT IS HEREBY ORDERED:

1.    The Debtors are hereby authorized to use cash, including cash collateral, on an interim basis, in material compliance with the projections attached to the Motion through and including March 31, 2009 and, additionally, are hereby authorized to utilize the Settlement Proceeds and License Fees (as defined in the Motions) in material compliance with the projections attached to the Motion.

3.    For purposes of adequate protection, and to the extent of the use of prepetition collateral, the Debtors are, subject in all respects to the limitations and qualifications set forth in the Motion, authorized to grant the lenders claiming an interest in cash collateral and identified in the motion adequate protection in the manner and to the extent set forth in the Motion.

4.    Notwithstanding Federal Rule of Bankruptcy Procedure 6004(g), this order is effective immediately.

Dated: _____        _____
                                                              Gregory F. Kishel
                                                              United States Bankruptcy Judge

Doc# 2813795\2