# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | **Jointly Administered under Case No. 08-46617** |
| Polaroid Corporation, et al., | Court Files No.'s: |
| Debtors. | 08-46617 (GFK) |
| (includes:<br>Polaroid Holding Company;<br>Polaroid Consumer Electronics, LLC;<br>Polaroid Capital, LLC;<br>Polaroid Latin America I Corporation;<br>Polaroid Asia Pacific LLC;<br>Polaroid International Holding LLC;<br>Polaroid New Bedford Real Estate, LLC;<br>Polaroid Norwood Real Estate, LLC;<br>Polaroid Waltham Real Estate, LLC) | 08-46621 (GFK)<br>08-46620 (GFK)<br>08-46623 (GFK)<br>08-46624 (GFK)<br>08-46625 (GFK)<br>08-46626 (GFK)<br>08-46627 (GFK)<br>08-46628 (GFK)<br>08-46629 (GFK) |
| | Chapter 11 Cases<br>Judge Gregory F. Kishel |

## APPLICATION TO EMPLOY ART APPRAISER (SOTHEBY'S, INC.) AND ALLOW FEES AND EXPENSES

1. Polaroid Corporation ("**Polaroid**" or "**Debtor**") respectfully applies to the Court for entry of an order authorizing the employment of Sotheby's Inc. ("**Sotheby's**") to augment Polaroid's valuation of, and provide supplemental opinions and guidance regarding, the value of certain portions of Polaroid's collection of art, photographs, provenance, artist's notes and other similar items of documentation as it relates to the photographs collection (the "**Collection**") as well as the allowance of compensation for fees and expenses incurred by Sotheby's in appraising the Collection.

2. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1. This is a core proceeding. Petitions

Doc# 2892765\1

commencing the Chapter 11 cases of Polaroid were filed on December 18, 2008. Venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The cases are now pending before this Court.

3. This Application arises under 11 U.S.C. §§ 327, 328 and 330 and Federal Rules of Bankruptcy Procedure 2014 and 2016. This Application is filed under Local Rules 2014-1, 2016-1 and 9013-4. Polaroid seeks an order authorizing the employment of Sotheby's to appraise certain portions of the Collection to augment Polaroid's estimates of the Collection's value, allow Sotheby's fees and expenses and authorize Polaroid to pay 100% of such allowed fees and expenses.

## BACKGROUND

4. The Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to operate as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No bankruptcy trustee or examiner has been appointed in the Debtor's case. An official committee of unsecured creditors was appointed pursuant to § 1102 of the Bankruptcy Code on January 8, 2009 (the "**Committee**").

The Debtors' Businesses

5. Polaroid was founded in 1937 by Edwin H. Land, a pioneer in instant film, camera and camera accessories. The company initially focused on the development and sale of polarized sunglasses and lenses and, in 1939, sold more than one million pairs of sunglasses. In 1948, Polaroid introduced the first commercial instant film camera, and since that time, has been a recognized technological leader and innovator in the instant film and camera industry and more recently a leading consumer electronics company. The company has grown into a global digital entertainment brand with net sales of approximately $400 million. The "Polaroid" brand is a

global consumer icon with substantial brand awareness and value. It ranks among the most recognizable brands in the world and triggers powerful, positive associations for consumers of all ages.

6. Polaroid was acquired by Petters Group Worldwide, LLC ("PGW") in April 2005 and PGW owns 100% of Polaroid's equity. Since the PGW acquisition, Polaroid has transitioned from a historic pioneering company with significant brand equity focused on analog film into a Twenty-first Century global company focused on digital printing, consumer electronics and licensing. Polaroid designs, develops, manufactures and markets instant and digital imaging products. Building on its 70-year heritage of visual innovation, Polaroid has an established and growing portfolio of digital imaging and lifestyle products, including portable zero-ink printers, LCD televisions, portable DVD players, digital cameras, instant cameras, digital picture frames and GPS technology. Polaroid has established strong retail distribution relationships with major retailers in North America and Europe.

7. In the consumer electronics segment of its market, Polaroid has faced significant challenges arising from the commoditization in LCD television and portable DVD products. As a result, Polaroid has moved to a brand license business model for consumer electronics with the company's leading retailers, lowering financing requirements, inventory risks and overhead costs.

8. Polaroid has a strong pipeline of new products and planned launches. In the digital printing segment of its market, Polaroid has been investing in new products featuring modern designs and proprietary technology, such as the Polaroid PoGO$^{TM}$ Instant Mobile Printer featuring ZINK$^{TM}$ Zero Ink printing technology. The Polaroid PoGO$^{TM}$ Instant Mobile Printer is the first truly mobile printer. Polaroid owns or has exclusive rights to emerging technologies that

will enable it to further expand its presence in consumer and commercial markets. The company anticipates launching new technological breakthrough products in 2009.

Events Leading to Chapter 11 Filings

9. Despite having one of the most recognized brand names in the world, Polaroid has seen a decline in net sales over the past several years, coupled with increasing operational and product development costs. The company sustained substantial operating losses since the business was acquired by PGW in April of 2005 and the company funded these losses primarily through the use of existing cash resources, favorable one-time cash flow impacts from the wind-down of the instant film business and the sale of other assets, including real estate. Prior to the commencement of the bankruptcy cases, Polaroid implemented cost-saving measures aimed at reducing overhead and increasing operational efficiencies. Nevertheless, the company's cash resources have been strained. Substantial capital requirements are necessary in order to return the company to profitability and Polaroid has been unable to obtain needed financing.

10. The financial challenges confronting Polaroid, including the recent purported pledges of Polaroid business assets and other instruments by Thomas J. Petters in favor of certain entities on the eve of the federal court receiverships and the impact of the allegations levied against Mr. Petters by federal authorities, forced the Debtors to seek relief under Chapter 11 of the Bankruptcy Code in order to reorganize operations. The Debtors continue to operate their businesses as debtors-in-possession.

Events Subsequent to Chapter 11 Filings

11. On January 24, 2009, Polaroid entered into an agreement with PHC Acquisitions, LLC, whereby PHC Acquisitions will acquire substantially all of Polaroid's assets, which includes the Collection in a Court-approved auction process. By order entered February 18, 2009, the Court approved auction and bidding procedures for the sale of the Debtors' assets (the

"**Bidding Procedures**") and granted other relief. The Bidding Procedures contemplate the sale of assets, including the Collection, to PHC Acquisitions, LLC, as stalking horse, or such other higher or better bidder(s) at the conclusion of an auction process that is subject to higher and better offers (the "**Auction**"). The Bidding Procedures permit bids to be submitted for all or any portion of the Debtors' assets, individually or as part of a package. The Auction is currently scheduled to be held on March 30, 2009.

## RELIEF REQUESTED

12. While Polaroid and its professionals possess significant information and knowledge about the value of, and the costs associated with maintaining, such Collection, it seeks to supplement its knowledge and analysis of the Collection through the use of an independent valuation expert. By this Application, Polaroid seeks to retain Sotheby's as that appraiser.

13. Polaroid believes that Sotheby's is experienced and qualified to assist Polaroid in valuing the Collection and provide other guidance and advice to augment the analysis of Polaroid and its professionals.

14. Polaroid has not previously employed Sotheby's.

15. Polaroid has reviewed the Unsworn Declaration of Naomi Baigell and believes Sotheby's does not represent any other entity in connection with this case except as described in the Unsworn Declaration, does not hold or represent any interest adverse to Polaroid, and is disinterested under § 327 of the Bankruptcy Code. In the event the United States Trustee, the Court, or other party in interest is concerned that Sotheby's is not "disinterested," Polaroid requests that a hearing be scheduled. Therefore, Polaroid respectfully requests the Court authorize the employment of Sotheby's.

16. Polaroid proposes to employ Sotheby's according to the Appraisal Agreement,

Doc# 2892765\1

dated as of March 5, 2009 (as may be amended from time to time, and attached hereto as **Exhibit A**). The terms of the Appraisal Agreement were negotiated by Polaroid and Sotheby's at arms-length and in good faith. Sotheby's flat fee to examine the portion of the Collection housed in the Boston area is $5,000. Sotheby's flat fee to examine the portion of the Collection housed in Switzerland is an additional $5,000 plus travel expenses. If Sotheby's does not visit one of the locations, that portion of the fee will not be incurred.

17. Polaroid has discussed the employment of Sotheby's with the Committee, as well as the Official Committee of Unsecured Creditors in the Petters Company, Inc. bankruptcy cases, jointly administered under Case No. 08-45257, who, upon information and belief, support the employment of Sotheby's.

18. Because Sotheby's role will be such a limited one, Polaroid seeks the allowance of 100% of fees and 100% of expenses of Sotheby's upon the submission to and approval by Polaroid of an invoice setting forth the nature of services rendered and an itemization of expenses actually incurred, with such fees not to exceed $10,000, plus expenses, and authorization for Polaroid to pay such allowed fees and expenses upon review and approval of such invoice.

19. All services for which compensation is requested will be performed for, and on behalf of, Polaroid, and not on behalf of any committee, creditor or other person.

WHEREFORE, Polaroid requests an order approving the employment of Sotheby's Appraisals, Inc. as appraiser and/or consultant to the Debtors herein, allowance of such fees and expenses, and authorization to pay Sotheby's all allowed fees and expenses.

DATED: March 9, 2009    Polaroid Corporation

By: _____

DATED: _____, 2009    **Sotheby's, Inc.**

By: _____

Doc# 2892765\1

WHEREFORE, Polaroid requests an order approving the employment of Sotheby's Appraisals, Inc. as appraiser and/or consultant to the Debtors herein, allowance of such fees and expenses, and authorization to pay Sotheby's all allowed fees and expenses.

DATED: _____, 2009         **Polaroid Corporation**

                                 By: _____


DATED: 3 · 9 , 2009              **Sotheby's, Inc.**

                                 By: _/s/ Bagill_____

Doc# 2892765\1

# Sotheby's

1334 YORK AVENUE  NEW YORK NY 10021  +1 212 606 7000  SOTHEBYS.COM

Appraisal Agreement

March 5, 2009

Ms. Mary Jeffries
CEO
Polaroid Corporation
4400 Baker Road
Suite 900
Minnetonka, MN 55343

Dear Ms. Jeffries:

    This letter agreement (the "Agreement") will confirm your request that Sotheby's, Inc. furnish you with written appraisals, by March 20, 2009 of the fair market values of the items of property described as photographs and located in Boston, Massachusetts and Switzerland (collectively, the "Property").

    In addition to the Appraisal we agree to provide you with an estimate of all costs that would be borne by you were you to consign the Property for sale to Sotheby's. Please note that such costs are being provided to you as a guide, are estimates only and are subject to review and change by Sotheby's in its sole discretion.

    It is agreed that the appraisals including without limitation, all copies, summaries and drafts thereof (collectively, the "Appraisal"):

(i)    represent our best judgment and opinion as to the current fair market values and any other matters covered therein, and is not a statement or representation of fact;

(ii)    is not to be deemed a representation or warranty with respect to the authenticity of authorship, period of creation, description, genuineness, attribution, provenance, title or condition of the Property and to the extent that any item of Property is appraised from a photograph, it is presumed in providing a value that the item is in good condition;

(iii)    is not to be deemed a representation or warranty that the Property will bring the appraised value if offered for sale at public auction or otherwise;


EXHIBIT A

# Sotheby's

(iv) except as is stated in (v) below, is not furnished and will not be used or relied upon, by you or any third party in connection with any transaction involving the Property, including but not limited to any purchase, sale, loan, donation or exchange; and

(v) is requested by the undersigned solely for collection evaluation purposes.

In consideration of our furnishing the Appraisal, you hereby release Sotheby's, Inc., its parent, subsidiaries and affiliated entities and the officers, directors, employees and agents of each of them (collectively, "Sotheby's") from any liability or damages whatsoever arising out of or related to the Appraisal and agree to indemnify and hold Sotheby's harmless from any claims, actions, liabilities, damages or expenses (including reasonable attorney's fees) incurred as a result of claims based on or related to the Appraisal. You further agree that you will not require Sotheby's by subpoena or otherwise to appear in any legal proceeding, including deposition, relating to the Appraisal and that you will not at any given time commence any action, assert any claim or make any demand of Sotheby's in connection with the Appraisal.

You represent and warrant that you own the Property free and clear of any claims, liens, encumbrances or interests of others. You agree that Sotheby's may consult others in connection with its Appraisal. Your representations, warranties and indemnity shall survive completion of the transactions contemplated herein.

Upon receipt of the Appraisal of Photographs located in Boston, Massachusettes, you agree to pay Sotheby's a fee of $5,000.00.

Upon receipt of the Appraisal of Photographs located in Switzerland, you agree to pay Sotheby's a fee of $5,000.00, plus Specialist(s) travel expenses.

If you consign any of the Property to Sotheby's within one year from the date of the Appraisal, Sotheby's will refund at the time of settlement of the sale of the consigned property, the the flat $5,000 appraisal fee. For example, if the Property is only sourced from Boston, Massachusettes, $5,000 will be credited to the selling commission, whereas if the Property is sourced from Boston, Massachusettes and Switzerland, Sotheby's will credit, to the selling commission, $10,000.

This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**This Agreement will be governed by and construed and enforced in accordance with the laws of the State of New York. In the event of a dispute hereunder, you agree to submit to the**

exclusive jurisdiction of the state courts of and the federal courts sitting in the State and County of New York. This Agreement shall be binding upon your heirs, executors, beneficiaries, successors and assigns, but you may not assign this Agreement without our prior written consent.

Please confirm your agreement with the foregoing by signing and dating this letter.

Very truly yours,

SOTHEBY'S, INC.

Naomi Baigell
Senior Vice President

ACCEPTED AND AGREED:

_____
Polaroid Corporation

_____
Date

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Jointly Administered under Case No. 08-46617 |
| Polaroid Corporation, et al., | Court Files No.'s: |
| Debtors. | 08-46617 (GFK) |
| (includes: | |
| Polaroid Holding Company; | 08-46621 (GFK) |
| Polaroid Consumer Electronics, LLC; | 08-46620 (GFK) |
| Polaroid Capital, LLC; | 08-46623 (GFK) |
| Polaroid Latin America I Corporation; | 08-46624 (GFK) |
| Polaroid Asia Pacific LLC; | 08-46625 (GFK) |
| Polaroid International Holding LLC; | 08-46626 (GFK) |
| Polaroid New Bedford Real Estate, LLC; | 08-46627 (GFK) |
| Polaroid Norwood Real Estate, LLC; | 08-46628 (GFK) |
| Polaroid Waltham Real Estate, LLC) | 08-46629 (GFK) |
| | Chapter 11 Cases<br>Judge Gregory F. Kishel |

## UNSWORN DECLARATION OF NAOMI BAIGELL IN SUPPORT OF POLAROID'S APPLICATION FOR AUTHORITY TO EMPLOY SOTHEBY'S, INC. AND ALLOWANCE OF FEES AND EXPENSES

I, Naomi Baigell, declare under penalty of perjury that:

1. I am Senior Vice President and Director, Museum & Corporate Art Services of Sotheby's, Inc. ("Sotheby's"), which maintains offices at 1334 York Avenue, New York, NY 10021. This Declaration is submitted on behalf of Sotheby's in support of Polaroid's Application for Authority to Employ Sotheby's, Inc. and Allowance Fees and Expenses pursuant to the terms and conditions set forth in the Application and the Appraisal Agreement. Sotheby's will augment Polaroid's valuation of the Collection by providing supplemental valuations and analysis of certain portions of the Polaroid Collection to Polaroid.

2. Sotheby's did not represent Polaroid prior to the Chapter 11 filing.

Doc# 2892765\1

3. To the best of my knowledge, Sotheby's is not a creditor, an equity security holder, or an insider of Polaroid.

4. To the best of my knowledge, neither Sotheby's nor any of its employees are, or have been within the two years before the date of the filing of the petitions in these Cases, a director, officer or employee of Polaroid.

5. To the best of my knowledge, neither Sotheby's nor any of its employees have an interest materially adverse to the interest of the estate or of any class of creditors, or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in Polaroid.

6. To the best of my knowledge, neither Sotheby's nor any of its employees have any connection with the creditors of Polaroid, the United States Trustee or employees of the United States Trustee, or any other party in interest or their respective attorneys.

7. Sotheby's will not share with any other person or entity any compensation for services provided to the Polaroid.

8. Sotheby's requests allowance of all fees and expenses for appraisal services, which will be performed for and on behalf of Polaroid, and not on behalf of any committee, creditor or other person.

DATED: 3 · 9 , 2009        Sotheby's, Inc

_[signature]_

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | **Jointly Administered under Case No. 08-46617** |
| Polaroid Corporation, et al., | Court Files No.'s: |
| Debtors. | 08-46617 (GFK) |
| (includes:<br>Polaroid Holding Company;<br>Polaroid Consumer Electronics, LLC;<br>Polaroid Capital, LLC;<br>Polaroid Latin America I Corporation;<br>Polaroid Asia Pacific LLC;<br>Polaroid International Holding LLC;<br>Polaroid New Bedford Real Estate, LLC;<br>Polaroid Norwood Real Estate, LLC;<br>Polaroid Waltham Real Estate, LLC) | 08-46621 (GFK)<br>08-46620 (GFK)<br>08-46623 (GFK)<br>08-46624 (GFK)<br>08-46625 (GFK)<br>08-46626 (GFK)<br>08-46627 (GFK)<br>08-46628 (GFK)<br>08-46629 (GFK) |
| | Chapter 11 Cases<br>Judge Gregory F. Kishel |

## ORDER AUTHORIZING EMPLOYMENT OF SOTHEBY'S, INC. AND ALLOWANCE OF FEES AND EXPENSES

Upon the Application by Polaroid Corporation ("Polaroid") to employ Sotheby's, Inc. ("Sotheby's") in these Chapter 11 Cases and allowance of Sotheby's fees and expenses, it appears that is necessary for Polaroid to employ a valuation expert to augment and supplement Polaroid's valuation of the Polaroid Collection, it appears that the valuation expert selected by Polaroid does not hold or represent an interest adverse to the estates and that Sotheby's is disinterested within the meaning of 11 U.S.C. 327(a), therefore

IT IS HEREBY ORDERED:

1.    Polaroid is authorized to employ Sotheby's upon the basis set forth in the

Doc# 2892765\1

application and subject to the provisions of 11 U.S.C. §§ 328 and 330.

2. Polaroid is authorized to pay 100% of Sotheby's fees upon receipt of the appraisal, provided such fees do not to exceed $10,000, plus 100% of Sotheby's expenses.

3. Sotheby's fees and expenses are hereby allowed and Polaroid is authorized to pay such allowed fees and expenses.

4. Notwithstanding Bankruptcy Rule 6004(g), this Order shall be effective and enforceable immediately upon entry.

Dated: _____

                                                Gregory F. Kishel
                                                United States Bankruptcy Judge