## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | **Jointly Administered under Case No. 08-46617** |
| Polaroid Corporation, et al., | Court Files No.'s: |
| Debtors. | 08-46617 (GFK) |
| (includes: | |
| Polaroid Holding Company; | 08-46621 (GFK) |
| Polaroid Consumer Electronics, LLC; | 08-46620 (GFK) |
| Polaroid Capital, LLC; | 08-46623 (GFK) |
| Polaroid Latin America I Corporation; | 08-46624 (GFK) |
| Polaroid Asia Pacific LLC; | 08-46625 (GFK) |
| Polaroid International Holding LLC; | 08-46626 (GFK) |
| Polaroid New Bedford Real Estate, LLC; | 08-46627 (GFK) |
| Polaroid Norwood Real Estate, LLC; | 08-46628 (GFK) |
| Polaroid Waltham Real Estate, LLC) | 08-46629 (GFK) |
| | Chapter 11 Cases |
| | Judge Gregory F. Kishel |

**ORDER AUTHORIZING EMPLOYMENT OF SOTHEBY'S, INC. AS CONSIGNMENT AND SALES AGENT AND AUCTIONEER FOR THE DEBTOR'S FINE ART PHOTOGRAPHY COLLECTION AND ALLOWANCE OF COMPENSATION**
___

Upon the Application by PBE Corporation, formerly known as Polaroid Corporation (the "**Debtor**"), and Sotheby's, Inc. ("**Sotheby's**") to employ Sotheby's as consignment agent and auctioneer and to allow Sotheby's compensation, it appears that it is necessary for the Debtor to employ a consignment and sales agent and auctioneer to market, promote and ultimately sell all or a portion of the Debtor's collection of fine art photography (the "**Collection**"), and it appears that the consignment and sales agent and auctioneer selected by the Debtor does not hold or represent an interest adverse to the estates and that Sotheby's is disinterested within the meaning of 11 U.S.C. § 327(a), therefore,

IT IS HEREBY ORDERED:

1. The Debtor is authorized to retain and employ Sotheby's as consignment and sales agent and auctioneer upon the basis set forth in the Application and Consignment Agreement attached to the Application and subject to the provisions of 11 U.S.C. §§ 328 and 330.

2. Sotheby's is disinterested as that term is defined in the Bankruptcy Code.

3. Pursuant to Bankruptcy Rule 6005, the compensation of Sotheby's for items offered for sale at public auction shall be the amount of the Buyer's Premium as more fully described in the Consignment Agreement. The Debtor shall have no liability to Sotheby's for payment of any Buyer's Premium.

4. For any item(s) sold by Sotheby's at a Private Sale conducted by Sotheby's, provided that such sale is subsequently authorized by this Court, Sotheby's shall be entitled to a Seller's Commission of 10% of the purchase price paid for any such item at such Private Sale, and Sotheby's compensation shall be allowed and paid from the gross proceeds of such sale.

5. Notwithstanding any prior order of this Court in these cases relating to the enforceability, priority or security of any claim (whether of the Debtors' pre-petition lenders or otherwise), such lenders right to payment of their debt (whether principal, interest, or other costs or charges), and any other recovery of their claims against the Debtors, their assets and any proceeds thereof, shall be fully subordinate to the payment, in full and in cash, of all commission(s) and other amounts due Sotheby's under the Consignment Agreement. Further, any commission(s) and other amounts payable pursuant to the Consignment Agreement shall be paid to Sotheby's from the proceeds of such Private or Non-Auction Sale(s) as a cost of each

such Transaction and such amounts being free and clear of any lien, claim or interest that any creditor may possess in the relevant assets sold or the proceeds received in connection with such sales.

6. This Order shall be binding in all respects upon all creditors of and holders of claims and equity interests in the Debtors (whether known or unknown) and shall inure to the benefit of the Debtor and all applicable successors and assigns and any subsequent trustees appointed upon a conversion of the Cases to Chapter 7 of the Bankruptcy Code and the employment of Sotheby's shall be deemed approved in any subsequently converted case without further application and order.

7. Notwithstanding Bankruptcy Rule 6004(g), this Order shall be effective and enforceable immediately upon entry.

Dated: August 28, 2009

*/e/ Gregory F. Kishel*
_____
The Honorable Gregory F. Kishel
United States Bankruptcy Judge

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *08/28/2009*
Lori Vosejpka, Clerk, By lje, Deputy Clerk