## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | **Jointly Administered under Case No. 08-46617** |
| Polaroid Corporation, et al., | |
| Debtors. | Court File Nos. |
| (includes: | 08-46621(GFK) |
| Polaroid Holding Company; | 08-46620 (GFK) |
| Polaroid Consumer Electronics, LLC; | 08-46623 (GFK) |
| Polaroid Capital, LLC; | 08-46624 (GFK) |
| Polaroid Latin America I Corporation; | 08-46625 (GFK) |
| Polaroid Asia Pacific LLC; | 08-46626 (GFK) |
| Polaroid International Holding LLC; | 08-46627 (GFK) |
| Polaroid New Bedford Real Estate, LLC; | 08-46628 (GFK) |
| Polaroid Norwood Real Estate, LLC; | 08-46629 (GFK) |
| Polaroid Waltham Real Estate, LLC) | |
| | Chapter 7 Cases |
| | Judge Gregory F. Kishel |

| | |
|---|---|
| John R. Stoebner,  Trustee, | |
| | Adv. Proc. No. _____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Lance Bass Productions, LLC, | |
| Defendant. | |

For his Complaint against the above-named Defendant, Plaintiff  John R. Stoebner as the

court-appointed Chapter 7 Trustee for Polaroid Corporation, et al., states and alleges as follows:

## PARTIES

1.      Polaroid Holding Company ("PHC"), now known as "PBE Holding Company" as

a result of a name change, is a corporation organized and existing under the laws of the State of

Delaware. Polaroid Consumer Electronics, LLC ("PCE"), now known as "PBE Consumer Electronics, LLC" as a result of a name change, is a limited liability company organized and existing under the laws of the State of Minnesota. PHC and PCE are the successors in interest to Petters Consumer Brands, LLC ("PCB"). PHC, PCE and PCB are hereinafter collectively referred to as "PCB." [1]

2. On December 18, 2008 (the "Polaroid Petition Date"), Polaroid Corporation and other affiliated debtors (the "Polaroid Debtors"), including PHC and PCE, filed for protection under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Minnesota. The cases of the Polaroid Debtors are jointly administered under Court File No. 08-46617 (the "Polaroid Cases") pending before the Honorable Gregory F. Kishel.

3. On August 31, 2009, the Polaroid Debtors converted the Polaroid Cases to cases administered under Chapter 7 of the Bankruptcy Code. Plaintiff John R. Stoebner (the "Trustee") was appointed trustee for the Polaroid Cases. The Polaroid Cases continue to be jointly administered following conversion.

4. Defendant Lance Bass Productions, LLC is a Florida Limited Liability Company with a principal address of 130 N. Brand Boulevard, Suite 400, Glendale, California 91203.

---

[1] On June 19, 2009, the Debtors filed documents with the appropriate offices of the Secretary of State for the purpose of changing their corporate names to omit the term "Polaroid." The debtor Polaroid Holding Company is now "PBE Holding Company," the Debtor Polaroid Corporation is now "PBE Corporation," the Debtor Polaroid Consumer Electronics, LLC, is now "PBE Consumer Electronics, LLC," the Debtor Polaroid Capital, LLC, is now "PBE Capital, LLC," the Debtor Polaroid Latin America I Corporation is now "PBE Latin America I Corporation," the Debtor Polaroid Asia Pacific, LLC, is now "PBE Asia Pacific, LLC," the Debtor Polaroid International Holding, LLC, is now "PBE International Holding, LLC," the Debtor Polaroid New Bedford Real Estate, LLC, is now "PBE New Bedford Real Estate, LLC," the Debtor Polaroid Norwood Real Estate is now "PBE Norwood Real Estate, LLC," and the Debtor Polaroid Waltham Real Estate, LLC, is now "PBE Waltham Real Estate, LLC."

5.      Defendant is the initial transferee of the fraudulent or otherwise avoidable transfer alleged in this Complaint, an entity for whose benefit such transfer was made, or an immediate or mediate transferee of any such initial transferee as those terms are used in 11 U.S.C. § 550(a).

## JURISDICTION VENUE AND STANDING

6.      This Court has subject matter jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  The claims asserted herein arise under, arise in or are related to proceedings under Title 11 of the United States Code.

7.      This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (C), (H) and (O).  Venue in this Court is proper pursuant to 28 U.S.C. §1409.

8.      The Trustee asserts the claims herein pursuant to Sections 323, 544, 548, 550, and 551 of the Bankruptcy Code and applicable provisions of state law made available to the Trustee under 11 U.S.C. § 544.

## FACTS

9.      The purported business plan for PCB was to contract with overseas manufacturers to make consumer electronics, including portable DVD players and televisions, under the Polaroid brand and then sell them to big box retailers such as Wal-Mart, Target and Best Buy.

10.     Although PCB actually sold merchandise, PCB's margins were so low that at all relevant times PCB operated at a loss.  In addition, PCB's assets were always unreasonably small in relation to its business, and the business was propped up with money from the Ponzi scheme run by Thomas J. Petters ("Petters").  At all relevant times, PCB intended to incur, or reasonably should have believed that PCB would incur, debts beyond PCB's ability to pay such debts as they became due.

11.     From and including 2003 to and including 2008, PCB consistently operated at a loss.

12.     PCB was never profitable.  Instead, PCB was burdened with heavy debt that PCB knew, or reasonably should have known, was beyond PCB's ability to pay legitimately as the debt became due.

13.     Given PCB's significant debt, the low margins for its consumer electronics business, and the fact that PCB was propped up by Ponzi money, PCB at all times was engaged in, and was about to engage in, a business for which its remaining assets were unreasonably small in relation to its business; alternatively, PCB intended to incur, or reasonably should have believed that PCB would incur debts beyond its ability to pay as they became due.

14.     On or about December 28, 2005 (the "Transfer Date"), PCB transferred Forty Thousand no/100 Dollars ($40,000.00) (the "Transfer") to Defendant as a gift or donation, without receiving a reasonably equivalent value in exchange for the transfer.

15.     On the Transfer Date, PCB was participating in and/or benefitting from a Ponzi scheme orchestrated by Petters, was engaged or was about to engage in a business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction, or intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

16.     PCB was insolvent on the Transfer Date within the meaning of 11 U.S.C. § 101(32) in that the sum of its debts was greater that all of its property at a fair valuation, exclusive of property transferred, concealed, or removed with intent to hinder, delay or defraud PCB's creditors.

17. The Transfer constitutes a fraudulent transfer under the Minnesota Uniform Fraudulent Transfer Act, the United States Bankruptcy Code, and the fraudulent transfer laws of such other states whose law may be deemed applicable.

## COUNT I – FRAUDULENT TRANSFER

**Actual Fraud - 11 U.S.C. §§ 544(b), 550(a), and 551 & Minn. Stat. §§ 513.44(a)(1) and 513.47 or Other Governing Fraudulent Transfer Laws**

18. The Trustee realleges and incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

19. At all times material hereto, there was and is at least one creditor who held and who holds unsecured claims against PCB that were and are allowable under Bankruptcy Code § 502 or that were and are not allowable only under Bankruptcy Code § 502(e). The Transfer is avoidable under applicable nonbankruptcy law by a creditor holding an unsecured claim in the bankruptcy case.

20. The Transfer was made or incurred by PCB with actual intent to hinder, delay or defraud a creditor to which PCB was or became indebted on or after the date of the Transfer.

21. To the extent that the Defendant is not an initial transferee of the Transfer, it is a subsequent transferee of the initial transferee of the Transfer, and upon information and belief cannot satisfy its burden that it took the Transfer for value and in good faith, or is the entity or individual for whose benefit such Transfer were made.

22. As a result of the foregoing, the Trustee is entitled to: (a) avoid the Transfer under Bankruptcy Code § 544(b) and applicable state law; (b) preserve the avoided Transfer for the benefit of the estate under Bankruptcy Code §551; and (c) be awarded a money judgment against Defendant pursuant to Bankruptcy Code § 550(a).

# COUNT II – FRAUDULENT TRANSFER

## Constructive Fraud - 11 U.S.C. §§ 544(b), 550(a), 551 & Minn. Stat. §§ 513.44(a)(2)(i) and 513.47 or Other Governing Fraudulent Transfer Laws

23.    The Trustee realleges and incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

24.    At all times material hereto, there was and is at least one creditor who held and who holds unsecured claims against PCB that were and are allowable under Bankruptcy Code § 502 or that were and are not allowable only under Bankruptcy Code § 502(e). The Transfer was and is avoidable under applicable nonbankruptcy law by a creditor holding an unsecured claim in the Bankruptcy Case.

25.    At all times material hereto, PCB was engaged in a business or transaction, or was about to engage in a business or transaction, for which the property remaining with PCB after the Transfer was effectuated constituted unreasonably small capital.

26.    PCB received less than reasonably equivalent value in exchange for the Transfer.

27.    To the extent that the Defendant is not an initial transferee of the Transfer, it is a subsequent transferee of the initial transferee of the Transfer, and upon information and belief cannot satisfy its burden that it took the Transfer for value and in good faith, or is the entity or individual for whose benefit such Transfer was made.

28.    As a result of the foregoing, the Trustee is entitled pursuant to Bankruptcy Code §§ 544(b), 550(a), and 551, Minn. Stat. §§ 513.44(a)(2)(i) and 513.47, and, if the Court should determine that this action is governed by the laws of other states, the fraudulent transfer laws of such other states to: (a) avoid the Transfers under Bankruptcy Code § 544(b); (b) preserve the

avoided Transfers for the benefit of the estate under Bankruptcy Code § 551; and (c) be awarded

a money judgment against Defendant pursuant to Bankruptcy Code § 550(a).

## COUNT III – FRAUDULENT TRANSFER

**Constructive Fraud - 11 U.S.C. §§ 544(b), 550(a), and 551 & Minn. Stat. §§ 513.44(a)(2)(ii) and 513.47 or Other Governing Fraudulent Transfer Laws**

29.     The Trustee realleges and incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

30.     At all times material hereto, there was and is at least one creditor who held and who holds unsecured claims against the Debtor that were and are allowable under Bankruptcy Code § 502 or that were and are not allowable only under Bankruptcy Code § 502(e).  The Transfer is avoidable under applicable non-bankruptcy law by a creditor holding an unsecured claim in the Bankruptcy Case.

31.     At all times material hereto, PCB, at the time of the Transfer, intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as the debts matured.

32.     PCB received less than reasonably equivalent value in exchange for the Transfer.

33.     To the extent that the Defendant is not an initial transferee of the Transfer, it is a subsequent transferee of the initial transferee of the Transfer, and upon information and belief, cannot satisfy its burden that it took the Transfer for value and in good faith, or is the entity or individual whose benefit such Transfer was made.

34.     As a result of the foregoing, the Trustee is entitled pursuant to Bankruptcy Code §§ 544(b), 550(a), and 551, Minn. Stat. §§ 513.44(a)(2)(i) and 513.47, and, if the Court should determine that this action is governed by the laws of other states, the fraudulent transfer laws of such other states to:  (a) avoid the Transfers under § 544(b); (b) preserve the avoided Transfers

for the benefit of the estate under Bankruptcy Code § 551; and (c) be awarded a money judgment against Defendant pursuant to Bankruptcy Code § 550(a).

<b><u>COUNT IV – FRAUDULENT TRANSFER</u></b>

<b>Constructive Fraud - 11 U.S.C. §§ 544(b), 550(a), and 551 & Minn. Stat. §§ 513.45(a) and 513.47 or Other Governing Fraudulent Transfer Laws</b>

35.     The Trustee realleges and incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

36.     At all times material hereto, there was and is at least one creditor who held and who holds unsecured claims against PCB that were and are allowable under Bankruptcy Code § 502 or that were and are not allowable only under Bankruptcy Code § 502(e).  The Transfer is avoidable under applicable non-bankruptcy law by a creditor holding an unsecured claim in the Bankruptcy Case.

37.     At all times material hereto, PCB, at the time of the Transfer, was insolvent or, in the alternative, PCB became insolvent as a result of the Transfer.

38.     PCB received less than reasonably equivalent value in exchange for the Transfer.

39.     To the extent that the Defendant is not an initial transferee of the Transfer, it is a subsequent transferee of the initial transferee of the Transfer, and upon information and belief, cannot satisfy its burden that it took the Transfer for value and in good faith, or is the entity or individual for whose benefit such Transfer occurred.

40.     As a result of the foregoing, the Trustee is entitled pursuant to Bankruptcy Code §§ 544(b), 550(a), and 551, Minn. Stat. §§ 513.44(a)(2)(i) and 513.47, and, if the Court should determine that this action is governed by the laws of other states, the fraudulent transfer laws of such other states to:  (a) avoid the Transfers under § 544(b); (b) preserve the avoided Transfers

8.

for the benefit of the estate under Bankruptcy Code § 551; and (c) be awarded a money judgment against Defendant pursuant to Bankruptcy Code § 550(a).

## COUNT V – DISALLOWANCE OF CLAIM

### 11 U.S.C. § 502(b) and (d)

41.     The Trustee realleges and incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

42.     To the extent that the Defendant asserts it is entitled to any claim in these Bankruptcy Cases, directly on its own account or indirectly by virtue of any other agreement with the Debtor or any of its affiliates, such claim is unenforceable against the Debtor or the property of the Debtor under any agreement or applicable law and should be disallowed under 11 U.S.C. § 502(b).

43.     Further, any claim of an entity from which property is recoverable under 11 U.S.C. § 550 or held by a transferee of a transfer that is avoided under 11 U.S.C. § 544 shall be disallowed by the Court unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable.  The Defendant has failed and refused to pay any such amounts or to turn over any such property.

44.     As a result of the foregoing, to the extent that the Defendant asserts it is entitled to any claim in these Bankruptcy Cases, directly on its own account or indirectly by virtue of any other agreement with the Debtor or any of its affiliates, all such claims are and should be in all things disallowed.

WHEREFORE, the Trustee respectfully requests judgment in his favor and against the Defendant as follows:

A.     Count I (Fraudulent Transfers - Actual Fraud): pursuant to 11 U.S.C. §§ 544(b), 550(a), and 551, and Minn. Stat. §§ 513.44(a)(1) and 513.47, and, if the Court should determine that this action is governed by the laws of other states, the fraudulent transfer laws of such other states:  (a) avoiding the Transfer; (b) preserving the avoided Transfer for the benefit of the bankruptcy estate; and (c) awarding a money judgment in favor of the Trustee against Defendant in the amount of the Transfer plus pre-judgment and post-judgment interest and costs and disbursements;

B.     Counts II through IV (Fraudulent Transfers - Constructive Fraud): pursuant to 11 U.S.C. §§ 544(b), 550(a), and 551, and Minn. Stat. §§ 513.44(a)(2), 513.45(a),  and 513.47, and if the Court should determine that this action is governed by the laws of other states, the fraudulent transfer laws of such other states:  (a) avoiding the Transfer; (b) preserving the avoided Transfer for the benefit of the bankruptcy estate; and (c) awarding a money judgment in favor of the Trustee against Defendant in the amount of the Transfer plus pre-judgment and post-judgment interest and costs and disbursements;

C.     Count V (Disallowance): pursuant to 11 U.S.C. § 502(b) and (d):  declaring and ordering that, to the extent that the Defendant asserts it is entitled to any claim in these Bankruptcy Cases, directly on its or his own account or indirectly by virtue of any other agreement with PCB or any of its affiliates, all such claims are in all things disallowed;

D.     On all Claims for Relief, establishment of a constructive trust over the proceeds of the Transfer in favor of the Trustee for the benefit of PCB's estate; and

E.     Granting the Trustee such other, further and different relief as the Court deems just, proper and equitable.

Dated:  November 23, 2010                   LAPP, LIBRA, THOMSON, STOEBNER
                                                 & PUSCH, CHARTERED


By:  /e/  Richard T. Thomson
        Richard T. Thomson (#109538)
        Rosanne H. Wirth (#0137479)
        Tyler D. Candee (#0386598)
One Financial Plaza, Suite 2500
120 South Sixth Street
Minneapolis, MN  55402
T (612) 338-5815
F (612) 338-6651
RThomson@lapplibra.com
RWirth@lapplibra.com
TCandee@lapplibra.com

**ATTORNEYS FOR JOHN R. STOEBNER, TRUSTEE FOR POLAROID CORPORATION, ET. AL.**

11.