# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Jointly Administered under Case No. 08-46617 |
| Polaroid Corporation, et al., | Court File Nos.: |
| Debtors. | 08-46617 (GFK) |
| (includes: | |
| Polaroid Holding Company; | 08-46621 (GFK) |
| Polaroid Consumer Electronics, LLC; | 08-46620 (GFK) |
| Polaroid Capital, LLC; | 08-46623 (GFK) |
| Polaroid Latin America I Corporation; | 08-46624 (GFK) |
| Polaroid Asia Pacific LLC; | 08-46625 (GFK) |
| Polaroid International Holding LLC; | 08-46626 (GFK) |
| Polaroid New Bedford Real Estate, LLC; | 08-46627 (GFK) |
| Polaroid Norwood Real Estate, LLC; | 08-46628 (GFK) |
| Polaroid Waltham Real Estate, LLC) | 08-46629 (GFK) |
| | Chapter 7 Cases Judge Gregory F. Kishel |

### ORDER AUTHORIZING SALE, ASSIGNMENT OR TRANSFER OF BANKRUPTCY ESTATE'S MEMBERSHIP UNITS OF PLR IP HOLDINGS, LLC FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS

This matter came on before the Court on December 17, 2014 on the verified motion (the "Motion") filed by John R. Stoebner as Trustee (the "Trustee") of the Chapter 7 bankruptcy estate of PBE Corporation, formerly known as Polaroid Corporation, and the other above-captioned debtors, for an order to sell, assign or transfer the bankruptcy estate's membership units of PLR IP Holdings, LLC free and clear of liens, claims and interests under 11 U.S.C. §§ 105 and 363. Appearances were as

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *12/17/2014*
Lori Vosejpka, Clerk, By JRB, Deputy Clerk

noted on the record. Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the Motion or in the Bankruptcy Code unless the context requires otherwise. Based on the arguments of counsel, moving documents and the record made at the hearing, and the Court's findings of fact and conclusions of law having been recorded in open court following the close of evidence,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Trustee's notice of the Motion and the sale is appropriate and reasonably calculated to provide interested parties with timely and proper notice, and no further notice is required.

3. The Trustee is hereby authorized and empowered to sell, assign or transfer the bankruptcy estate's membership units of PLR IP Holdings, LLC outside the ordinary course of business pursuant to 11 U.S.C. § 363(b) in accordance with the Purchase Agreement and free and clear of liens, claims, encumbrances and interests.

4. Pursuant to Section 363(f) of the Bankruptcy Code, the bankruptcy estate's membership units of PLR IP Holdings, LLC shall be sold, assigned or transferred free and clear of any and all liens, claims and interests of any kind or nature whatsoever and all such liens, claims, encumbrances and interests shall attach to the proceeds of the sale with the same validity, priority, dignity and effect and to the same extent that existed immediately prior to the consummation of the sale and in all cases subject to any and all rights, claims and defenses that the Trustee or the bankruptcy estates may have with respect thereto.

5.     The Trustee is hereby authorized and empowered to execute and deliver the Purchase Agreement any other agreements, documents or instruments, that the Trustee deems necessary or appropriate to implement the agreements with Buyers and to effectuate the sale, assignment or transfer of the PBE Units and to take such other actions as may be reasonably necessary or desirable for the purpose of assigning, transferring, granting, conveying and conferring to, or as may be necessary or appropriate for the performance of the obligations and transactions contemplated by the Purchased Agreement and Motion.

6.     The Buyers are and shall be deemed to be good faith purchasers under Section 363(m) of the Bankruptcy Code and, as such, are and shall be entitled to all of the protections afforded thereby.  In the absence of a stay pending appeal, the Buyers will be acting in good faith within the meaning of Section 363(m) of the Bankruptcy Code in closing on the sale, assignment other transfer of the PBE Units any time after entry of this Order, notwithstanding the provisions of Bankruptcy Rule 6004(h).

7.     Notwithstanding Fed. R. Bankr. P. 6004(h), this Order shall take effect immediately upon entry.

Dated: *December 17, 2014*

*/e/ Gregory F. Kishel*

Gregory F. Kishel
Chief United States Bankruptcy Judge

3