# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

|  |  |
|---|---|
| In re: | **Jointly Administered under**<br>**Case No. 08-46617** |
| Polaroid Corporation, et al., | Court File Nos: |
| Debtors. | 08-46617 (KHS) |
| (includes: | |
| Polaroid Holding Company; | 08-46621 (KHS) |
| Polaroid Consumer Electronics, LLC; | 08-46620 (KHS) |
| Polaroid Capital, LLC; | 08-46623 (KHS) |
| Polaroid Latin America I Corporation; | 08-46624 (KHS) |
| Polaroid Asia Pacific LLC; | 08-46625 (KHS) |
| Polaroid International Holding LLC; | 08-46626 (KHS) |
| Polaroid New Bedford Real Estate, LLC; | 08-46627 (KHS) |
| Polaroid Norwood Real Estate, LLC; | 08-46628 (KHS) |
| Polaroid Waltham Real Estate, LLC) | 08-46629 (KHS) |
|  | Chapter 7 Cases<br>Judge Kathleen H. Sanberg |

_____

## NOTICE OF HEARING AND MOTION TO APPROVE PROPOSED BUDGET AND FOR AUTHORIZATION FOR USE OF CASH COLLATERAL

_____

TO:    The Parties in Interest identified in Local Rule 9013-3(a) (2).

1.    John R. Stoebner, the duly appointed Chapter 7 Bankruptcy Trustee ("Polaroid Trustee") of PBE Corporation, formerly known as Polaroid Corporation ("Polaroid"), and its affiliated debtors in the above-referenced bankruptcy proceedings, which includes PBE Holding Company, PBE Consumer Electronics, LLC ("PCE"), PBE Capital, LLC, PBE Latin America I Corporation, PBE Asia Pacific, LLC, PBE International Holding, LLC, PBE New Bedford Real Estate, LLC, PBE  Norwood Real Estate, LLC and PBE Waltham Real Estate, LLC (collectively

the "Debtors"),[1] through his legal counsel, Lapp, Libra, Stoebner & Pusch, Chartered, respectfully requests that the Court enter an order granting the relief sought herein and gives notice of hearing herewith.

2.     The Court will hold a hearing on this Motion at **1:30 p.m.**, or as soon thereafter as the parties may be heard, on **Wednesday November 20, 2019,** before the Honorable Kathleen H. Sanberg, United States Bankruptcy Judge, in Courtroom 8 West, 300 South Fourth Street, Minneapolis, Minnesota 55415.

3.     Local Rule 9006-1(b) provides deadlines for responses to this Motion.   Any response to the Motion must be filed and served not later than **12:00 p.m. (noon) Central Time on Friday, November 15, 2019**, which is five (5) days before the time set for the hearing (including Saturdays, Sundays, and holidays).   **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4.     This Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005, and Local Rule 1070-1.   This is a core proceeding.   Petitions commencing the Chapter 11 cases of the Debtors were filed on December 18, 2008. The term "Polaroid Cases" refers to the pending Chapter 7 bankruptcy cases of the above-named Debtors, which are being jointly administered under the caption, in re Polaroid Corporation, et al, Bky No. 08-46617. The term "Polaroid Case" or "Polaroid Estate" refers to the Chapter 7 proceeding of

---

[1] On June 19, 2009, the Debtors filed documents with the appropriate offices of the Secretary of State for the purpose of changing their corporate names to omit the term "Polaroid."  The debtor Polaroid  Holding Company is now "PBE Holding Company," the Debtor Polaroid Corporation is now "PBE Corporation," the Debtor Polaroid Consumer Electronics, LLC is now "PBE Consumer Electronics, LLC," the Debtor Polaroid Capital, LLC is now "PBE Capital, LLC," the Debtor Polaroid Latin America I Corporation is now "PBE Latin America I Corporation," the Debtor Polaroid Asia Pacific, LLC is now "PBE Asia Pacific, LLC," the Debtor Polaroid International Holding, LLC is now "PBE International Holding, LLC," the Debtor Polaroid New Bedford Real Estate, LLC is now "PBE New Bedford Real Estate, LLC," the Debtor Polaroid Norwood Real Estate is now "PBE Norwood Real Estate, LLC" and the Debtor Polaroid Waltham Real Estate, LLC is now "PBE  Waltham Real Estate, LLC."

Polaroid Corporation, Bky No. 08-46617.  The term "PCE Case" or "PCE Estate" refers to the Chapter 7 bankruptcy proceeding of Polaroid Consumer Electronics, LLC, Bky No. 08-46620. The Debtors voluntarily converted the Polaroid Cases to Chapter 7 proceedings on August 31, 2009.  The Polaroid Trustee was appointed as trustee in the Polaroid Cases.  Venue of the Polaroid Cases and this motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The Polaroid Cases are now pending before this Court.

5.      The Polaroid Trustee seeks an order approving the proposed Budget and authorizing him to continue to use cash collateral to effectively administer these bankruptcy estates from January 1, 2020 through December 31, 2020.  The term "Budget" refers to the estimated expenditures in the Polaroid Case and the PCE Case as set forth in **EXHIBIT A**.

6.      This Motion arises under 11 U.S.C. §§ 105(a), 361 and 363, as well as Fed. R. Bankr. P. 4001 and 6004.  This Motion is filed under Fed. R. Bankr. P. 9014 and Local Rules 4001-2 and 9013.

## HISTORICAL USE OF CASH COLLATERAL

7.      **2019 Budget.**  Pursuant to order dated December 19, 2018, ECF Doc. No. 3171, the Court authorized the Trustee to utilize cash and approved the budget in the amount of $300,000.00 with respect to the Polaroid Case, and $60,000.00 with respect to the PCE Case, for a total of $360,000.00.  During the period January 1, 2019 through September 30, 2019 the Polaroid Trustee utilized cash in the total amount of approximately $125,000.00 with respect to the Polaroid Case and cash in the amount of approximately $6,000.00 with respect to the PCE Case for a total of approximately $131,000.00.[2]  These amounts are exclusive of amounts paid

---

[2] *See generally,* Polaroid Trustee's Report entitled "Receipts and Disbursements by Ledger Category" attached as part of Exhibit A hereto.

pursuant to: a) Court approved Polaroid Trustee's Interim Final Report in the Polaroid Case, b) Court approved Polaroid Trustee's Interim Final Report in the PCE Case, c) Court authorized payments including settlements, d) Court authorized payments for professional fees and expenses including trustee compensation, and e) Payments for bond premiums for the Polaroid Trustee as required by the United States Trustee. The amounts excluded as described above are collectively referred to as "Excluded Amounts." The Polaroid Trustee estimates additional expenditures through December 31, 2019 of approximately $31,000.00, for total expenditures of approximately $162,000.00 for the 12-month period. This is less than the budgeted amount for this period of $360,000.00.

## PROPOSED BUDGET

8.      **2020 Budget.**  The Polaroid Trustee seeks Court approval of his Budget (attached as **EXHIBIT A**) for the period January 1, 2020 through December 31, 2020.  The total amount sought by the Polaroid Trustee for this period is $100,000.00, allocated as follows: $90,000.00 for the Polaroid Estate and $10,000.00 for the PCE Estate.  This Budget is prepared on a calendar year "cash" basis rather than an accrual basis, where: a) the Budget is submitted to the Court based on a calendar year, and b) the Polaroid Trustee is required to compile and account for expenses on a cash basis.  The Budget identifies in summary format certain categories of expense items. The Polaroid Trustee seeks an order approving the Budget and authorizing the use of cash collateral consistent with the Budget, to the extent such funds are determined to be cash collateral.  The Budget does not include the Excluded Amounts as described in Paragraph 7 above.

9.      **Cash Position.**  As of September 30, 2019, the aggregate cash on deposit held by the Polaroid Estate is $13,764,880.13 and $1,544,286.27 held by the PCE Estate, for a total of $15,309,166.40.

## SETTLEMENTS

10.      **Introduction re Settlements.**  The settlements described below include settlements relating to Secured Claims (as defined in Paragraph 14 below) and include settlements that provide for payments that affect the cash balances in the Polaroid Estate and the PCE Estate.

11.      **Acorn/PAC Funding Settlement.**  The term "Acorn/PAC Funding Settlement" refers to the settlement by and between Acorn Capital Group, LLC ("Acorn"). the Polaroid Trustee, Douglas A. Kelley as Chapter 11 Trustee for Petters Company, Inc., Petters Group Worldwide, LLC and PAC Funding, LLC ("PAC Funding"), Douglas A. Kelley as the Court appointed Receiver for Thomas Petters, Inc. and Petters Aircraft Leasing, LLC, and Petters Aviation, LLC, and its wholly owned subsidiary Elite Landings, LLC. Under the settlement, and the order approving the settlement, Acorn's and PAC Funding's secured claims against Polaroid and PCE in the amount of approximately $290 million were avoided and preserved for the benefit of the Polaroid and PCE Estates. The settlement was approved by the Bankruptcy Court on February 9, 2011 in the Polaroid Cases as ECF Doc. No. 1292 and was approved in the PCI Cases[3] as ECF Doc. No. 999. The Order approving the settlement in the PCI Cases was appealed. The order approving the settlement was affirmed on appeal by the 8th Circuit Bankruptcy Appellate Panel. *See Interlachen Harriet Invs. Ltd. v. Kelley (In re Petters Co., Inc.)*,

---

[3] The term "PCI Cases" refers to the Chapter 11 bankruptcy proceedings of Petters Company, Inc. ("PCI"), Bky No. 08-45257, Petters Group Worldwide, LLC, Bky No. 08-45258 and other affiliated debtors that are being jointly administered under Bky No. 08-45257.

455 B.R.166 (B.A.P. 8th Cir. 2011).

12.     **Global Ritchie Settlement.**   The term "Global Ritchie Settlement" refers to the settlement by and between the Ritchie Entities,[4] TLP Services, Inc. ("TLP"), the Polaroid Trustee, Douglas A. Kelley, the Chapter 11 Trustee with respect to the PCI Cases, Randall L. Seaver, the Chapter 7 Trustee with respect to Petters Capital, LLC ("Petters Capital"), Bky No. 09-43487 ("Petters Capital Case" or "Petters Capital Estate") and Nauni J. Manty, the Chapter 7 Trustee with respect to Thomas Petters, Inc., Bky No. 14-43791. This settlement was approved in each of the respective cases. As part of the Global Ritchie Settlement, the claim of the Ritchie Entities in the PCI Cases was allowed as an unsecured claim in the amount of approximately $163 Million, and the Ritchie Entities agreed to the withdrawal and disallowance of any claims the Ritchie Entities filed in any of the other cases, including the Polaroid Cases. Under the Global Ritchie Seettlement, the lien positions of the Ritchie Entities (including TLP) were preserved for the benefit of the Polaroid Estate. The settlement was approved on April 13, 2016 in each of the four bankruptcy cases. The Order in the Polaroid Case is ECF Doc. 2606.

13.     **Related Party Settlement.** The term "Related Party Settlement" refers to the settlement by and between the Polaroid Trustee, Douglas A. Kelley, the PCI Liquidating Trustee in the PCI Cases, Randall L. Seaver, the Chapter 7 Trustee with respect to the Petters Capital Case, Douglas A. Kelley as Receiver with respect to the receivership action captioned, *U.S.A. v. Thomas J. Petters et al.*, Case No. 08-cv-05348 (D. Minn.), and Ronald R. Peterson as the Chapter 7 Trustee of *In re Lancelot Investors Fund, L.P., et al.* Bky. No. 08-28225 (Bankr. N. D. Ill.). The Related Party Settlement was approved by Court Order dated December 21, 2016 (the "December 21, 2016 Order"), ECF Doc. 2864 in the Polaroid Cases, ECF Doc. 3690 in the PCI

---

[4] The term "Ritchie Entities" refers to Ritchie Capital Management, LLC, Ritchie Special Credit Investments, Ltd., Rhone Holdings II, Ltd., Yorkville Investments I, LLC, and Ritchie Capital Structure Arbitrage Trading, Ltd.

Cases and ECF Doc. 393 in the Petters Capital Case.  The settlement provided for payment to the PCI Liquidating Trust of $20 million with respect to the PCI Secured Claim (as defined in Paragraph 18 below) and payment to the Petters Capital Estate of $20 million, with respect to the Petters Capital Secured Claim (as defined in Paragraph 19 below).   Under the Related Party Settlement, the only remaining secured claim held by the PCI Liquidating Trust and Petters Capital is their respective interest in the Waterfall Distribution and Post Waterfall Distribution (as defined in Subparagraphs a) and b) below) and as described in the Related Party Settlement. The Waterfall Distribution and the Post Waterfall Distribution are collectively referred to as the "Remaining Distributions."  The Waterfall Distribution was paid in full on April 5, 2019, and therefore the only Remaining Distribution is the Post Waterfall Distribution.

a.      **Waterfall Distribution.** The term "Waterfall Distribution" refers to the distribution to the PCI Liquidating Trust and the Petters Capital Estate in the amount of five million dollars ($5,000,000.00) as set forth in paragraph 8(b) of the December 21, 2016 Order. This Waterfall Distribution is to be made after all creditors holding allowed unsecured claims in the Polaroid Case (who are not parties to the Related Party Settlement) have received distributions equal to 30% of their allowed claims. The Waterfall Distribution was paid in full on April 5, 2019.

b.      **Post Waterfall Distribution.** The term "Post Waterfall Distribution" refers to any distribution to creditors in the Polaroid Case after the Waterfall Distribution has been paid in full.  Pursuant to paragraph 8(b) of the December 21, 2016 Order, all distributable assets shall be shared: a) 50% for the benefit of the Polaroid bankruptcy estate's other creditors, and b) 50% shall be distributed in equal shares to the Petters Capital Trustee and the PCI Liquidating Trustee.

7

## SECURED CLAIMS

14.    **Secured Claims.**    Certain creditors (collectively referred to as the "Secured Creditors" or "Secured Claims") claim a security interest in cash collateral and other assets.  The Secured Claims and the Secured Creditors are described below.  A more detailed description of each of these Secured Claims is set forth in detail in the previous motions for use of cash collateral and requests for approval of the Budgets filed by the Polaroid Trustee.

15.    **ACORN/PAC Secured Claim.**    The term "ACORN/PAC Secured Claim" refers to the secured claim of the bankruptcy estates of Polaroid and PCE as successors to PAC Funding, LLC ("PAC Funding") and Acorn Capital Group, LLC ("Acorn").  The Polaroid Trustee asserts that this lien is a first priority lien with respect to the Polaroid Estate and a first priority lien with respect to the PCE Estate.

16.    **Ritchie Secured Claim.**    "Ritchie Secured Claim" refers to the secured claim of the Ritchie Entities (as defined in Paragraph 12 above). This claim has been preserved for the benefit of the Polaroid Estate as per the Court Order entered on April 30, 2012 in Adversary Proceeding No. 09-04032 and the subsequent entry of judgment.  *See* ECF Doc. No. 169, reported in 472 B.R. 22 (Bankr. D. Minn. 2012). The order and judgment were subsequently affirmed on appeal by the District Court [*see* Civ. Case No. 12-3038, 2014 WL 1386724] and the United States Court of Appeals for the Eighth Circuit [*see* 779 F.3d 857 (8th Cir. 2015)]. Under the Global Ritchie Settlement (see Paragraph 12 above), the lien positions of the Ritchie Entities (including TLP) were preserved for the benefit of the Polaroid Estate.

17.    **Ritchie/TLP Claim.**    "Ritchie/TLP Claim" refers to the secured claim of the Polaroid bankruptcy estate, as successor to the secured claim of Ritchie Capital Management,

LLC and TLP in the amount of $10,000,000.00. This claim was preserved for the benefit of the Polaroid Estate as part of the Global Ritchie Settlement as described in Paragraph 12 above.

18.     **PCI Secured Claim.**  The term "PCI Secured Claim" refers to the secured claim of PCI.  The PCI Secured Claim is filed in the Polaroid Case in the principal amount of $20 million plus interest. This claim has been settled as part of the Related Party Settlement as described in Paragraph 13 above. The only remaining PCI Secured Claim is PCI's interest in the Remaining Distributions, as described in Paragraph 13 above.

19.     **Petters Capital Secured Claim.**   The term "Petters Capital Secured Claim" refers to the secured claim of Petters Capital. The Petters Capital Secured Claim is filed in the Polaroid Case in the principal amount of $20 million dollars plus interest.  This claim has been settled as part of the Related Party Settlement as described in Paragraph 13 above. The only remaining Petters Capital Secured Claim is Petters Capital's interest in the Remaining Distributions, as described in Paragraph 13 above.

## ADEQUATE PROTECTION FOR SECURED CREDITORS BY REASON OF THE EQUITY CUSHION AND REPLACEMENT LIEN

20.     **Priority with respect to Polaroid.** The Polaroid Trustee asserts that the ACORN/PAC Secured Claim, which has been assigned to the Polaroid Trustee, is a first priority secured claim with respect to the Polaroid Estate.

21.     **Priority with respect to PCE.**  The only secured creditor with respect to the PCE Estate, is the Polaroid Trustee's ACORN/PAC Secured Claim.

22.     **Adequate Protection by Reason of the Equity Cushion.** The following is a summary of the primary assets of the Polaroid Estate and the PCE Estate as of September 30, 2019:

| Asset Description | Polaroid Estate | PCE Estate |
|---|---|---|
| Cash | $13,764,880.13 | $1,544,286.27 |
| New Bedford Real Estate – 55% derivative ownership by the Polaroid Estate. Estimate of additional funds to be paid based on the sale of this asset. | $10,000.00 | |
| Miscellaneous Assets | UNKNOWN | UNKNOWN |
| Totals: | $13,774,880.13 plus UNKNOWN AMOUNTS | $1,544,286.27 plus UNKNOWN AMOUNTS |

The only Secured Creditors (other than the Polaroid Estate and PCE Estate as described above) are the PCI Secured Claim and the Petters Capital Secured Claim. The PCI Secured Claim and the Petters Capital Secured Claims are limited to their interest in the Remaining Distributions. The Remaining Distributions are dependent on available cash after payment to unsecured creditors of 30% of their allowed unsecured claims, and available cash after the payment of the Waterfall Distribution. The PCI Secured Claim and the Petters Capital Secured Claim are adequately protected by the substantial equity cushion in the assets of the Polaroid Estate.

23.    **Replacement Lien.**   The Polaroid Trustee proposes to grant to the Secured Creditors with a potential interest in the cash collateral, a replacement lien and other adequate protection as described in this Motion.   Any and all such replacement liens will be of the same nature, character, validity, priority, dignity, extent and effect as the prepetition liens such party had, if any, in cash collateral and shall be without prejudice to the rights of the Polaroid Trustee or any other party in interest to challenge the nature, character, validity, priority, dignity, extent and effect of any such liens or commence any proceeding under the Bankruptcy Code seeking a determination with respect thereto or seeking to avoid or set aside any such liens or to subordinate or recharacterize any claims.

24.    **Rule 4001(b) Statement and Local Rule 4001-2 Statement.**   The Polaroid Trustee asserts that Local Rule 4001 is not applicable to a trustee in a Chapter 7 case but

provides this statement nonetheless in order to identify the entities who may claim an interest in alleged cash collateral.   The Polaroid Trustee seeks an order approving the Budget and authorizing the use of cash collateral consistent with the Budget, to the extent such funds are determined to be cash collateral.

25.     **Stipulations and Consents.** Prior to the hearing on the Motion, and in settlement of any and all matters raised in this Motion, the Polaroid Trustee may enter into a stipulation or agreed order with parties claiming a security interest in cash collateral.   In the event the Polaroid Trustee enters into any such stipulation or agreed order, he will seek approval of the stipulation or agreed order without further notice or hearing pursuant to Rule 4001(d)(4) of the Federal Rules of Bankruptcy Procedure, and the **POLAROID TRUSTEE HEREBY GIVES NOTICE OF HIS INTENTION TO SEEK APPROVAL OF ANY SUCH STIPULATION OR AGREED ORDER.**   The Polaroid Trustee, on behalf of the ACORN/PAC Secured Claim, consents to the use of cash collateral as contemplated under this Motion.

26.     **Potential Witnesses.** Pursuant to Local Rule 9013-2(c), the Polaroid Trustee hereby gives notice that he may, if necessary, call John R. Stoebner, Polaroid Trustee, and/or other employees or advisors to the Debtors, or its affiliates, to testify about the factual matters raised in the Motion.

WHEREFORE, the Polaroid Trustee requests that the Court issue an order:

A.     Authorizing the Polaroid Trustee's proposed Budget consistent with the proposed Order.

B.     Authorizing the Polaroid Trustee, to use Cash Collateral consistent with the proposed Order; and

C.      Authorizing the Polaroid Trustee to grant the replacement liens and other

adequate protection as set forth herein; and

D.      Granting such other and further relief as the Court deems just and equitable.


Dated: October 29, 2019                    LAPP, LIBRA, STOEBNER & PUSCH
                                           CHARTERED

                                           */e/ Rosanne H. Wirth*
                                           Rosanne H. Wirth (#0137479)
                                           John R. Stoebner (#0140879)
                                           120 South Sixth Street, Suite 2500
                                           Minneapolis, MN  55402
                                           (612) 338-5815
                                           ATTORNEYS FOR POLAROID TRUSTEE

## VERIFICATION

The undersigned declares under the penalty of perjury that the facts contained in the foregoing Motion are true and correct to the best of my knowledge, information and belief.

Dated: October 29, 2019                    */e/ John R. Stoebner*
                                           John R. Stoebner, Trustee

12

**EXHIBIT A**

**2020 BUDGET**
**POLAROID CORPORATION AND**
**POLAROID CONSUMER ELECTRONICS, LLC**

|  | **POLAROID CORPORATION** | **POLAROID CONSUMER ELECTRONICS, LLC** | **TOTAL** |
|---|---|---|---|
| ADMINISTRATIVE RENT & STORAGE & DATA RETENTION | $40,000.00 | $2,000.00 | $42,000.00 |
| BANK CHARGES, COPY EXPENSE, SUBPOENA & CT CORPORATION EXPENSES | $5,000.00 | $2,000.00 | $7,000.00 |
| ESTATE MANAGEMENT & CONSULTANTS | $35,000.00 | $0.00 | $35,000.00 |
| OTHER EXPENSES | $10,000.00 | $6,000.00 | $16,000.00 |
| TAXES | $0.00 | $0.00 | $0.00 |
| **TOTALS:** | **$90,000.00** | **$10,000.00** | **$100,000.00** |

# Receipts and Disbursements
## By Ledger Category

**Case:** **POLAROID CORPORATION (08-46617)**

**Trustee:** **John R. Stoebner  (430050)**

**Submitted:** 10/10/19

**Period:** **01/01/19 - 09/30/19**

# Receipts

## 1000 RECEIPTS                                                                                      **4,223,615.36**

| | | |
|---|---|---:|
| 1121-000 | Notes and Accounts Receivable (originally scheduled) | 8,297.15 |
| 1129-000 | Liquidation of Other Schedule B Personal Property (not listed above) | 241,214.26 |
| 1229-000 | Liquidation of Other Personal Property | 3,966,699.21 |
| 1270-000 | Interest Income (from estate bank accounts/investments - only) | 7,379.71 |
| 1290-000 | Other Receipts | 25.03 |

| **Total Receipts:** | **4,223,615.36** |
|---|---:|

# Disbursements

## 4000 SECURED CLAIMS                                                                               **5,000,000.00**

| | | |
|---|---|---:|
| 4210-000 | Pers. Prop. & Intangibles--Consensual Liens (UCC, chattel, PMSI) | 5,000,000.00 |

## 2000 CH. 7 ADMINISTRATIVE FEES AND EXPENSES                                                       **775,004.62**

| | | |
|---|---|---:|
| 2100-000 | Trustee Compensation | 663,477.73 |
| 2200-000 | Trustee Expenses | 11,706.49 |
| 2300-000 | Bond Payments | 11,676.60 |
| 2410-000 | Admin. Rent (post-petition storage fees, leases, etc.) | 74,173.75 |
| 2500-000 | Costs Re Sale of Prop. (excl. realtor comm./exp., incl. closing costs, tte adv.) | 3,109.00 |
| 2990-000 | Other Chapter 7 Administrative Expenses | 10,861.05 |

## 3000 CH. 7 PROFESSIONAL FEES AND EXPENSES                                                         **361,122.68**

| | | |
|---|---|---:|
| 3110-000 | Attorney for Trustee Fees (Trustee Firm) | 295,887.00 |
| 3120-000 | Attorney for Trustee Expenses (Trustee Firm) | 3,387.74 |
| 3410-000 | Accountant for Trustee Fees (Other Firm) | 13,209.00 |
| 3420-000 | Accountant for Trustee Expenses (Other Firm) | 11,554.16 |
| 3610-000 | Auctioneer for Trustee Fees (including buyers premiums) | 89.49 |

# Receipts and Disbursements
## By Ledger Category

**Case:** **POLAROID CORPORATION (08-46617)**

**Trustee:** **John R. Stoebner  (430050)**

**Submitted:** **10/10/19**

**Period:** **01/01/19 - 09/30/19**

| | | | |
|---|---|---|---|
| 3620-000 | Auctioneer for Trustee Expenses | 105.00 | |
| 3731-000 | Consultant for Trustee Fees | 35,000.00 | |
| 3732-000 | Consultant for Trustee Expenses | 255.24 | |
| 3991-000 | Other Professional Fees | 1,635.05 | |
| **5000 PRIORITY CREDITORS** | | | **48,279.60** |
| 5800-000 | Claims of Governmental Units | 48,279.60 | |
| **7000 GENERAL UNSECURED** | | | **14,828,912.62** |
| 7100-000 | General Unsecured § 726(a)(2) | 14,819,040.06 | |
| 7100-001 | General Unsecured § 726(a)(2) [Unclaimed] | 9,872.56 | |
| **8000 FUNDS PAID TO DEBTOR/THIRD PARTIES** | | | **7,901,426.90** |
| 8500-002 | Funds Paid to Third Parties [Non-Compensable] | 7,901,426.90 | |

| | |
|---|---|
| **Total Disbursements:** | **28,914,746.42** |

| | |
|---|---|
| **Total Receipts:** | **4,223,615.36** |
| **Total Disbursements:** | **28,914,746.42** |
| **Net Balance:** | **-24,691,131.06** |

# Receipts and Disbursements
## By Ledger Category

**Case:**     **POLAROID CONSUMER ELECTRONICS LLC (08-46620)**

**Trustee:**  **John R. Stoebner  (430050)**

**Submitted:** 10/10/19

**Period:**   **01/01/19 - 09/30/19**

# Receipts

## 1000 RECEIPTS                                                            8,429,168.17

| | | |
|---|---|---:|
| 1121-000 | Notes and Accounts Receivable (originally scheduled) | 492,741.27 |
| 1229-000 | Liquidation of Other Personal Property | 7,901,426.90 |
| 1241-000 | Preference/Fraudulent Transfer Litigation (not originally scheduled) | 35,000.00 |

| **Total Receipts:** | **8,429,168.17** |
|---|---:|

# Disbursements

## 2000 CH. 7 ADMINISTRATIVE FEES AND EXPENSES                             408,535.89

| | | |
|---|---|---:|
| 2100-000 | Trustee Compensation | 398,246.10 |
| 2200-000 | Trustee Expenses | 3,617.83 |
| 2300-000 | Bond Payments | 1,297.40 |
| 2410-000 | Admin. Rent (post-petition storage fees, leases, etc.) | 5,374.56 |

## 3000 CH. 7 PROFESSIONAL FEES AND EXPENSES                               168,794.98

| | | |
|---|---|---:|
| 3110-000 | Attorney for Trustee Fees (Trustee Firm) | 125,528.50 |
| 3120-000 | Attorney for Trustee Expenses (Trustee Firm) | 190.40 |
| 3210-000 | Attorney for Trustee Fees (Other Firm) | 40,531.50 |
| 3220-000 | Attorney for Trustee Expenses (Other Firm) | 1,635.43 |
| 3991-000 | Other Professional Fees | 909.15 |

## 5000 PRIORITY CREDITORS                                                 255.15

| | | |
|---|---|---:|
| 5800-000 | Claims of Governmental Units | 255.15 |

## 7000 GENERAL UNSECURED                                                  12,497,916.69

| | | |
|---|---|---:|
| 7100-000 | General Unsecured § 726(a)(2) | 12,496,456.05 |
| 7100-001 | General Unsecured § 726(a)(2) [Unclaimed] | 1,460.64 |

Printed: 10/10/19 11:52 AM

# Receipts and Disbursements
## By Ledger Category

**Case:**    **POLAROID CONSUMER ELECTRONICS LLC (08-46620)**

**Trustee:**    **John R. Stoebner  (430050)**

**Submitted: 10/10/19**

**Period:**    **01/01/19 - 09/30/19**

### 8000 FUNDS PAID TO DEBTOR/THIRD PARTIES    3,965,925.95

    8500-002  Funds Paid to Third Parties [Non-Compensable]    3,965,925.95

| Total Disbursements: | 17,041,428.66 |
|---|---|

| | |
|---|---|
| **Total Receipts:** | **8,429,168.17** |
| **Total Disbursements:** | **17,041,428.66** |
| **Net Balance:** | **-8,612,260.49** |

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | **Jointly Administered under Case No. 08-46617** |
| Polaroid Corporation, et al., | Court File Nos: |
| Debtors. | 08-46617 (KHS) |
| (includes: | |
| Polaroid Holding Company; | 08-46621 (KHS) |
| Polaroid Consumer Electronics, LLC; | 08-46620 (KHS) |
| Polaroid Capital, LLC; | 08-46623 (KHS) |
| Polaroid Latin America I Corporation; | 08-46624 (KHS) |
| Polaroid Asia Pacific LLC; | 08-46625 (KHS) |
| Polaroid International Holding LLC; | 08-46626 (KHS) |
| Polaroid New Bedford Real Estate, LLC; | 08-46627 (KHS) |
| Polaroid Norwood Real Estate, LLC; | 08-46628 (KHS) |
| Polaroid Waltham Real Estate, LLC) | 08-46629 (KHS) |
| | Chapter 7 Cases |
| | Judge Kathleen H. Sanberg |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPROVE PROPOSED BUDGET AND FOR ORDER AUTHORIZING USE OF CASH COLLATERAL

### INTRODUCTION

John R. Stoebner (**"Polaroid Trustee"**) Chapter 7 Trustee for PBE Corporation, formerly known as Polaroid Corporation, and its affiliated debtors in the above-referenced bankruptcy proceedings, (collectively, the "**Debtors**"), through his legal counsel, submits this Memorandum in support of the Polaroid Trustee's Motion to approve Proposed Budget and for Authorization for Use of Cash Collateral (the **"Motion"**). Capitalized terms not otherwise defined in this Memorandum have the meanings given to such terms in the Motion.

The Court should grant the Motion approving the proposed Budget and authorizing the Polaroid Trustee to use cash collateral as set forth in the Motion substantially in accordance with

the Budget attached to the Motion.

## FACTUAL BACKGROUND

The factual support for the Motion is set forth in the verified Motion.

## CONSENT

The Polaroid Trustee requests Court approval of his proposed Budget submitted with the Motion. To the extent the Court determines that the cash in the estates constitutes cash collateral, the Polaroid Trustee requests authority to utilize the cash collateral. The Polaroid Trustee needs the use of funds, as detailed in the Motion, to meet the post-conversion expenses as set forth in the Motion and Budget. The Bankruptcy Code provides that a trustee may use cash collateral with the consent of the secured creditors or if the Court after notice and hearing authorizes the use of cash collateral. *See* 11 U.S.C. § 363(c)(2). The Polaroid Trustee as holder of the ACORN/PAC Secured Claim, consents as set forth in the Motion. The Polaroid Trustee as holder of the Ritchie/TLP Secured Claim also consents to this Motion.

## PRIORITY OF SECURED CREDITORS

**Priority with respect to Polaroid.**

The Polaroid Trustee has asserted that the ACORN/PAC Secured Claim and the Ritchie/TLP Secured Claims, which claims have been assigned to the Polaroid Trustee, are first priority secured claims.

**Priority with respect to PCE.**

The only secured claims in the PCE Case is the first priority secured claim of the Polaroid Trustee as assignee of the ACORN/PAC Secured Claim.

## ADEQUATE PROTECTION BY WAY OF EQUITY CUSHION

The Polaroid Trustee proposes adequate protection to the Secured Creditors through the existence of the equity cushion in the collateral, as explained in the Motion. An equity cushion

2

is defined as the value in the property above the amount owed to a creditor with a secured claim and is not lessened by the existence of liens junior to the secured creditor's lien. *In re Belton Inns, Inc.,* 71 B.R. 811, 816-17 (Bankr. S. Iowa 1987). See *Nat'l Bank of Ark.v. Panther Mountain Land Dev., LLC* (*In re Panther Mountain Land Dev., LLC*, 446 B.R. 282, 284 (B.A.P. 8th Cir. 2011) (the primary factor in determining the existence of adequate protection in this case is the existence of an adequate equity cushion.); *In re Johnson*, 90 B.R. 973 (Bankr. D. Minn. 1988) (decision by Judge Dreher; existence of equity cushion was the primary factor in determining adequate protection).

## ADEQUATE PROTECTION BY WAY OF REPLACEMENT LIENS

The previous cash collateral orders have provided replacement liens to the Secured Creditors.  Under the terms of the proposed Order submitted with this Motion, any replacement lien will be of the same nature, character, validity, priority, dignity extent and effect such party had, if any, in the cash collateral used and shall be without prejudice to the rights of the Polaroid Trustee or any other party in interest to challenge the nature, character, validity, priority, dignity extent and effect of any such liens or to commence or continue any proceeding under the Bankruptcy Code seeking a determination with respect to the status of such purported lien or seeking to avoid or set aside any such liens. Judge Kishel previously found the replacement lien was sufficient to provide adequate protection to the secured creditors in this case. This decision was affirmed by the 8th Circuit BAP. See *In re Polaroid Corporation,* 460 B.R. 740 (B.A.P. 8th Cir. 2011).

The Polaroid Trustee is willing to continue to provide a replacement lien to the Secured Creditors to the extent and subject to the reservations set forth in the Motion and the proposed Order.  A replacement lien simply provides to a secured creditor a replacement lien in new collateral to the extent the secured creditor's collateral is utilized. The secured creditor is not able

to "better" its secured claim and increase its collateral by reason of the replacement lien. The nature of a replacement lien is simply to replace the collateral utilized by the estates so that the initial base line value of the collateral at the time of the filing of the petition is preserved.  See *In re The Lodge at Big Sky, LLC*, 454 B.R. 138, 143-144 (Bankr. D. Mt.2011) (adequate protection provides protection for any diminution in the value of the collateral as a result of the use or depreciation in value; citing, *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd., (In re Timbers of Inwood Forest Assocs., Ltd.),* 793 F.2d 1380, 1412 n. 57 (5th Cir.1986), aff'd *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.,* 484 U.S. 365, 108 S. Ct. 626, 98 L.Ed.2d 740 (1988)).

### SURCHARGE UNDER 11 U.S.C. § 506(c)

The Polaroid Trustee reserves all rights with respect to any alleged secured creditor, including without limitation, the right to surcharge any claimed collateral under 11 U.S.C. § 506(c).

### CONCLUSION

The adequate protection proposals offered by the Polaroid Trustee provide reasonable and adequate protections for the Secured Creditors.  See *In re Martin*, 761 F.2d 472, 476-77 (8th Cir. 1985); *In re Polaroid Corporation,* 460 B.R. 740 (B.A.P. 8th Cir. 2011). The Polaroid Trustee requests Court approval of his proposed Budget and requests approval of the proposed use of cash collateral as a part of the Budget.

<div style="margin-left:40%">

LAPP, LIBRA, STOEBNER & PUSCH,
CHARTERED

</div>

Dated: October 29, 2019          */e/ Rosanne H. Wirth*
                                 Rosanne H. Wirth (#0137479)
                                 John R. Stoebner (#0140879)
                                 120 South Sixth Street, Suite 2500
                                 Minneapolis, MN  55402
                                 (612) 338-5815
                                 ATTORNEYS FOR POLAROID TRUSTEE

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

|  |  |
|---|---|
| In re: | **Jointly Administered under**<br>**Case No. 08-46617** |
| Polaroid Corporation, et al., | Court File Nos: |
| Debtors. | 08-46617 (KHS) |
| (includes: | |
| Polaroid Holding Company; | 08-46621 (KHS) |
| Polaroid Consumer Electronics, LLC; | 08-46620 (KHS) |
| Polaroid Capital, LLC; | 08-46623 (KHS) |
| Polaroid Latin America I Corporation; | 08-46624 (KHS) |
| Polaroid Asia Pacific LLC; | 08-46625 (KHS) |
| Polaroid International Holding LLC; | 08-46626 (KHS) |
| Polaroid New Bedford Real Estate, LLC; | 08-46627 (KHS) |
| Polaroid Norwood Real Estate, LLC; | 08-46628 (KHS) |
| Polaroid Waltham Real Estate, LLC) | 08-46629 (KHS) |
| | Chapter 7 Cases |
| | Judge Kathleen H. Sanberg |

---

**UNSWORN CERTIFICATE OF SERVICE**

---

I, Lauren R. Schwark, declare under penalty of perjury that on October 29, 2019, I served copies of the following documents:

- **Notice of Hearing and Motion to Approve Proposed Budget and for Authorization for Use of Cash Collateral**
- **Memorandum of Law in Support of Motion to Approve Proposed Budget and for Authorization for Use of Cash Collateral**
- **Proposed Order Authorizing Use of Cash Collateral and Approval of Budget**

by first class mail postage prepaid to each party named below and electronically by Notice of Electronic Filing upon all parties who have requested service in these cases by filing the same via ECF with the Bankruptcy Court in the District of Minnesota.

Executed on: October 29, 2019

/e/ Lauren R. Schwark
Lauren R. Schwark, Legal Assistant
Lapp, Libra, Stoebner & Pusch, Chartered
120 South Sixth Street, Suite 2500
Minneapolis, MN 55402
612/338-5815

| | |
|---|---|
| Margaret M. Anderson<br>Fox, Hefter, Swibel, Levin & Carroll LLP<br>200 W. Madison St., Suite 3000<br>Chicago, IL 60606 | Mitchel Appelbaum<br>Wilmer, Cutler, Pickering, Hale & Dorr LLP<br>60 State St.<br>Boston, MA 02109 |
| Lynn Hamilton Butler<br>Brown McCarroll LLP<br>111 Congress Ave., Suite 1400<br>Austin, TX 78701 | Chad Cooley<br>AWH Partners<br>1040 Avenue of the Americas<br>9th Floor<br>New York, NY 10018 |
| Martin Croyle<br>Croyle & Associates PC<br>220 Broadway<br>Suite 204<br>Lynnfield, MA 01940 | |
| Van C. Durrer<br>Skadden, Arps, Slate, Meagher & Flom<br>300 S. Grand Ave, Suite 3400<br>Los Angeles, CA 90071 | E.J. Harris<br>Marketstar Corporation<br>2475 Washington Blvd<br>Ogden, UT 84401 |
| Iron Mountain Information Management, Inc.<br>c/o Frank F. McGinn, Esq.<br>Bartlett Hackett Feinberg P.C.<br>155 Federal Street, 9th Floor<br>Boston, MA 02110 | Ikon Financial Services<br>c/o Christine Etheridge<br>Bky Administration<br>1738 Bass Rd.<br>PO Box 13708<br>Macon, GA 31208-3708 |
| Richard Hettler<br>7151 York Ave S, Apt 314<br>Edina, MN 55435-4430 | KPMG LLP<br>Two Financial Center<br>60 South Street<br>Boston, MA 02111 |
| Bryan Krakauer<br>Sidley Autsin LLP<br>One South Dearborn<br>Chicago, IL 60603 | Peter E. Krebs<br>Skadden, Arps, Slate, Meagher & Flom<br>155 N Wacker Dr.<br>Suite 2700<br>Chicago, IL 60606-1720 |
| Robert B. Lamb<br>PO Box 45120<br>Salt Lake City, UT 84145-0120 | Greg A. Lowry<br>Locke, Lord, Bissell & Liddell, LLP<br>2200 Ross Ave., Suite 2200<br>Dallas, TX 75201 |
| Timothy S. McFadden<br>Locke, Lord, Bissell & Liddell, LLP<br>111 S. Wacker Dr.<br>Chicago, IL 60606 | Masatoshi Maeda<br>OS Electronics Company, Ltd<br>5F., Akihabara Sanwa Toyo Building,<br>3-16-8, Sotokanda<br>Chiyoda-ku, Toyko, Japan1010021 |
| Kelly Mundorff<br>Thule Organization Solutions, Inc.<br>2420 Trade Center Ave., Suite A<br>Longmont, CO 80503 | Brian E. O'Connor<br>Willkie, Farr and Gallagher, LLP<br>787 7th Ave.<br>New York, NY 10019 |

2

| | |
|---|---|
| Ramon M. Naguiat<br>Skadden Arps Slate Meagher & Flom<br>300 S. Grand Ave Ste 3400<br>Los Angeles, CA 90071 | Petters Capital, LLC<br>Randall L. Seaver, Trustee<br>12400 Portland Avenue South<br>Suite 132<br>Burnsville, MN 55337 |
| Oracle USA, Inc.<br>c/o Buchalter Nemer<br>Shawn M. Christianson<br>55 Second Street, 17th Floor<br>San Francisco, CA 94105 | Robert S Prince<br>Kirton and McConkie<br>PO Box 45120<br>Salt Lake City, UT 84145-0120 |
| Daniel Phipps<br>Axis Design<br>106 West Bagdad Avenue<br>Round Rock, TX 78664 | Alexandra Steinberg<br>Barrage Morrixon & Foerster<br>2000 Pennsylvania Ave. NW<br>Suite 6000<br>Washington, DC 20006-71888 |
| Frank Lee Robinson<br>1705 W. 3rd St.<br>Wilmington, DE 19805 | Douglas A. Kelley, Trustee & Receiver<br>Kelley & Wolter, P.A.<br>Centre Village Offices<br>431 S. 7th St., Suite 2530<br>Minneapolis, MN 55415 |
| Petters Company, Inc.<br>431 South Seventh St., Suite 2530<br>Minneapolis, MN 55415 | Hewlett Packard Co<br>c/o Ramona Neal<br>11311 Chinden Blvd.<br>Mail Stop 314<br>Boise, MN 83714-0021 |
| Polaroid Corporation<br>PO Box 727<br>Newburyport, MA 01950-0927 | Petters Company, Inc., et al.<br>c/o James A. Lodoen<br>Ballard Spahr L.L.P.<br>2000 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402 |
| Primeshares<br>Attn:  RVS<br>261 Fifth Ave., 22nd Floor<br>New York, NY 10016 | Jeff Cohen<br>Southpaw Asset Management LP<br>2 West Greenwich Office Park, 1st Floor<br>Greenwich, CT 06831 |
| The Comptroller of Public Accounts of the State of Texas<br>c/o Kimberly A. Walsh<br>Assistant Attorney General<br>Bankruptcy & Collections Division<br>PO Box 12548<br>Austin, TX 78711-2548 | PNY Technologies, Inc.<br>David J. Adler, Esq.<br>McCarter & English, LLP<br>Four Gateway Center<br>100 Mulberry Street<br>Newark, NJ 07102 |
| Frank N. White<br>171 17th St., Suite 2100<br>Atlanta, GA 30363-1031 | Barry E. Mukamal, Ch. 11 Trustee<br>Kluger, Kaplan, Silverman, Katzen, and Levine, PL<br>60 South Sixth Street, Suite 3615<br>Minneapolis, MN 55402 |

| | |
|---|---|
| TLP Services, LLC<br>c/o The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE 19801 | Matthew A. Lesnick<br>Lesnick Prince LLP<br>185 Pier Avenue, Suite 103<br>Santa Monica, CA 90405 |
| Garrett M. Vail, Esq.<br>Cronin & Co., Ltd.<br>800 Nicollet Mall, Suite 2520<br>Minneapolis, MN 55402 | J David Jackson<br>Dorsey & Whitney, LLP<br>50 South 6th St., Suite 1500<br>Minneapolis, MN 55402 |
| Jennifer G. Lurken<br>Gislason & Hunter, LLP<br>Landkamer Building<br>124 E. Walnut St.<br>Suite 200<br>Mankato, MN 56001 | Ronald R. Peterson<br>Jenner & Block LLP<br>353 N. Clark St.<br>Chicago, IL 60654-3456 |
| James M. Jorissen<br>Leonard O'Brien, Spencer, Gale & Sayre, Ltd.<br>100 South 5th St., Suite 2500<br>Minneapolis, MN 55402 | Richard Levin<br>Jenner & Block LLP<br>919 Third Avenue<br>New York, NY 1002-3908 |
| David Runck<br>Fafinski Mark & Johnson, P.A.<br>Flagship Corporate Center<br>775 Prairie Center Drive, Suite 400<br>Eden Prairie, MN 55344 | Greenpond South, LLC<br>c/o Michael L. Stern<br>Stonehill Capital Management LLC<br>885 Third Avenue, 30th Floor<br>New York, NY 10022-4834 |
| Michael S. Budwick / Solmon B. Genet<br>Eric W. Ostroff / Peter D. Russin<br>Meland Russin & Budwick PA<br>3200 Southeast Financial Center<br>200 South Biscayne Blvd<br>Miami, FL 33131 | Barry Mukamal<br>Kapila Mukamal, LLP<br>One SE 3rd Avenue, Suite 2150<br>Miami, FL 33131 |
| David S. Evans<br>Kirton and McConkie<br>50 East South Temple<br>Ste 400<br>Salt Lake City, UT 84111 | Connie Lahn<br>Barnes & Thornburg, LLP<br>225 South Sixth St., Suite 2800<br>Minneapolis, MN 55402 |
| Chubb Group of Insurance Companies<br>c/o Kevin J. Walsh<br>82 Hopmeadow Street<br>Simsbury, CT 06070 | ACCENT Marketing Service, LLC<br>4550 Town Center Blvd.<br>Jeffersonville, IN 47130-7136 |
| Liquidity Solutions, Inc.<br>One University Plaza, Suite 312<br>Hackensack, NJ 07601 | XL Insurance<br>c/o David M. Gische<br>Troutman Sanders LLP<br>401 9th Street NW, Suite 1000<br>Washington, DC 20004-2134 |

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | **Jointly Administered under**<br>**Case No. 08-46617** |
| Polaroid Corporation, et al., | Court File Nos: |
| Debtors. | 08-46617 (KHS) |
| (includes:<br>Polaroid Holding Company;<br>Polaroid Consumer Electronics, LLC;<br>Polaroid Capital, LLC;<br>Polaroid Latin America I Corporation;<br>Polaroid Asia Pacific LLC;<br>Polaroid International Holding LLC;<br>Polaroid New Bedford Real Estate, LLC;<br>Polaroid Norwood Real Estate, LLC;<br>Polaroid Waltham Real Estate, LLC) | 08-46621 (KHS)<br>08-46620 (KHS)<br>08-46623 (KHS)<br>08-46624 (KHS)<br>08-46625 (KHS)<br>08-46626 (KHS)<br>08-46627 (KHS)<br>08-46628 (KHS)<br>08-46629 (KHS) |
| | Chapter 7 Cases<br>Judge Kathleen H. Sanberg |

## ORDER AUTHORIZING USE OF CASH COLLATERAL
## AND APPROVAL OF BUDGET

These cases are before the Court on the Verified Motion of John R. Stoebner (**"Polaroid Trustee"**), Chapter 7 trustee of PBE Corporation, formerly known as Polaroid Corporation, and its affiliated debtors in the above-referenced bankruptcy proceedings, which include PBE Holding Company, PBE Consumer Electronics, LLC, PBE Capital, LLC, PBE Latin America I Corporation, PBE Asia Pacific, LLC, PBE International Holding, LLC, PBE New Bedford Real Estate, LLC, PBE Norwood Real Estate, LLC and PBE Waltham Real Estate, LLC (collectively

the "**Debtors**" or "**Polaroid Estates**"),[1] to approve the proposed Budget and for authority to use

cash collateral as well as granting such other and further relief.  Capitalized terms not otherwise

defined in this Order have the meanings given to such terms in the Motion. Based on the Motion

and the files,

IT IS ORDERED:

1.      The Motion is granted;

2.      The Polaroid Trustee's proposed Budget is authorized and approved and the

Polaroid Trustee is hereby authorized to utilize cash, including cash collateral in the total amount

of $100,000.00 in material compliance with the Budget (for the period January 1, 2020 through

December 31, 2020) attached to the Motion.  The total amount utilized may be allocated by the

Polaroid Trustee as necessary and appropriate between the Polaroid Corporation and the Polaroid

Consumer Electronics, LLC estates.

3.      The amounts included in the Budget are exclusive of amounts paid pursuant to: a)

Court approved Interim or Final Trustee's Report in the Polaroid Corporation case, b) Court

approved Interim or Final Trustee's Report in the Polaroid Consumer Electronics, LLC case, c)

Court authorized payments including settlements, d) Court authorized payments for professional

fees and expenses including trustee compensation, and e) Payments for bond premiums for the

Polaroid Trustee as required by the United States Trustee.

---

[1] On June 19, 2009, the Debtors filed documents with the appropriate offices of the Secretary of State for the
purpose of changing their corporate names to omit the term "Polaroid."  The debtor Polaroid  Holding Company is
now "PBE Holding Company",  the Debtor Polaroid Corporation is now "PBE Corporation," the Debtor Polaroid
Consumer Electronics, LLC is now "PBE Consumer Electronics, LLC," the Debtor Polaroid Capital, LLC is now
"PBE Capital, LLC," the Debtor Polaroid Latin America I Corporation is now "PBE Latin America I Corporation,"
the Debtor Polaroid Asia Pacific, LLC is now "PBE Asia Pacific, LLC," the Debtor Polaroid International Holding,
LLC is now "PBE International Holding, LLC," the Debtor Polaroid New Bedford Real Estate, LLC is now "PBE
New Bedford Real Estate, LLC," the Debtor Polaroid Norwood Real Estate is now "PBE Norwood Real Estate,
LLC" and the Debtor Polaroid Waltham Real Estate, LLC is now "PBE  Waltham Real Estate, LLC."

4.      For purposes of adequate protection, and solely to the extent of the Polaroid Trustee's use of cash collateral, the following creditors:

a.      The bankruptcy estates of Polaroid Corporation and Polaroid Consumer Electronics, LLC, as successors to PAC Funding, LLC and Acorn Capital Group, LLC whose interests are preserved for the benefit of the bankruptcy estates;

b.      Petters Company, Inc.;

c.      Petters Capital, LLC; and

d.      The bankruptcy estate of Polaroid Corporation, as successor to Ritchie Capital Management, LLC/TLP Services, LLC (only with respect to their claim in the principal amount of $10 million dollars as detailed in the Motion) whose interests are preserved for the benefit of the Polaroid bankruptcy estate;

are hereby granted replacement liens in all assets of the Debtors, including but not limited to proceeds of avoidance causes of action under Chapter 5 of the Bankruptcy Code.   The replacement liens authorized to be granted under this Order are subject to the provisions set forth in this Order and shall be deemed granted by the Polaroid Trustee and will be valid and enforceable without further filing or recording of any document or instrument or the taking of further actions; provided, however, that any and all such replacement liens will be of the same nature, character, validity, priority, dignity, extent and effect such party had, if any, on the cash collateral used and shall be without prejudice to the rights of the Polaroid Trustee or any other party in interest to challenge the nature, character, validity, priority, dignity, extent and effect of any such liens or to commence any proceeding under the Bankruptcy Code seeking a determination with respect thereto or seeking to avoid or set aside any such liens.

5.      The replacement liens granted under this Order, together with the equity cushion provide adequate protection to the creditors set forth in Paragraph 4.

6.      As and for additional adequate protection for the parties claiming an interest in cash collateral, the Polaroid Trustee shall provide the creditors itemized in Paragraph 4 above, upon their request, copies of the Polaroid Trustee's record of receipts and disbursements.

3

7.      Nothing contained in this Order shall prevent the Polaroid Trustee from seeking to surcharge any claimed collateral under 11 U.S.C. § 506(c).

8.      To the extent the Polaroid Trustee reaches a settlement with any of the parties that claim an interest in cash collateral or any other assets of the Polaroid Estates, the lien granted to such creditor in cash or any other assets, including but not limited to any replacement lien under the terms of this cash collateral order or any previous cash collateral order, shall terminate, be assigned and/or modified consistent with the terms of the Court Order approving such settlement. It shall not be necessary to amend the terms of this Order.

9.      The Replacement liens granted to Petters Company, Inc. and Petters Capital, LLC are subject to the "Related Party Settlement" as approved by Court Order dated December 21, 2016 ("Related Party Order") ECF Doc. 2864 in the Polaroid Cases, ECF Doc. 393 in the Petters Capital Case (Bky No. 09-43847) and ECF Doc. 3690 in the Petters Company, Inc. Cases (Bky No. 08-45257).   Under the Related Party Settlement and the Related Party Order, the only remaining secured claim held by Petters Company, Inc. and Petters Capital, LLC is their respective interest in the Post Waterfall Distribution, as described in the Related Party Order.

10.     The replacement liens granted under this order are limited to a lien in the assets of the specific debtors in which any creditor has asserted a lien.   The replacement liens are not intended to and shall not provide cross-collateralization between the bankruptcy estates of Polaroid Corporation and Polaroid Consumer Electronics, LLC.

11.     Notwithstanding Federal Rule of Bankruptcy Procedure 6004(h), this order is effective immediately.


Dated:                                    _____
                                          Kathleen H. Sanberg
                                          United States Bankruptcy Judge

4